IDA D. GOINGS, APPELLANT, V. JOSEPH G. GOINGS, APPELLEE.

FILED NOVEMBER 14, 1911. No. 16,539.

1. Divorce: DISMISSAL. In an action for a divorce, where an answer and cross-petition of recrimination is filed by which a divorce is sought by the defendant, if it be shown by the evidence that neither party is blameless, and the decree of the district court denied a divorce to either, dismissing both the petition and cross-petition, the decree will to that extent be affirmed.

2. ———: DECREE OF SEPARATION. In an action by the wife for an absolute decree of divorce, in which the defendant presents a cross-petition seeking a similar decree, the question as to whether such decree should be granted to either party, or a decree from bed and board granted to the wife, requires the ex-

ercise of the discretion of the court; and, if the case demands it, a decree of divorce from bed and board, but without dissolving the marriage relation, will be granted to the wife, the evidence showing her to be the less guilty of the two.

3. ———: ———: MAINTENANCE. In such case, when property has been accumulated by the joint labor and frugality of both, but is all held by the husband, a proper provision will be made for the maintenance of the wife.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Reversed with directions.*

*J. L. McPheely* and *Coleman & Williams*, for appellant.

*Adams & Adams* and *L. C. Paulson*, contra.

REESE, C. J.

This is an action by the plaintiff, Ida D. Goings, against her husband, Joseph G. Goings, for a divorce. It is alleged in the amended petition as a ground for such a divorce that defendant was guilty of extreme cruelty, by assaulting and striking plaintiff, and by accusing her of the crime of adultery. The custody of their one minor child is also prayed for. Defendant answered, denying the wrongdoing on his part, but alleging that quarrels were of frequent occurrence between himself and plaintiff, and at which times the plaintiff, "who is of an ungovernable temperament, would fly into a passion, would curse, swear and abuse this defendant, and would grab a butcher knife, rolling pin, or any weapon that was convenient, and make for the defendant, and in a vicious manner assault him, at which times the defendant would take hold of her, grab her or restrain her in any way he could; but he denies that he ever struck her with the fist or in any other manner." A number of allegations are contained in the answer, by which it is sought to explain the cause of the "quarrels" referred to, but which should not be set out here. He also presented his cross-petition seeking a divorce from plaintiff on the ground of adultery

committed by her with persons named, extreme cruelty by cursing him in the most profane language, accusing him of impotency, of having contracted venereal diseases at different times, of having committed adultery, and other equally disgusting conditions and acts; that because of the differences between them she had left his home and refused to return, notwithstanding his efforts to induce her so to do. Plaintiff's right to the custody of the child—a daughter, nine years of age—is denied, and it is alleged that plaintiff is not a fit person to rear said child. The averments of the answer and cross-petition are denied by the reply. A trial was had, which resulted in a finding that "plaintiff's and defendant's conduct toward each other has been such that neither is entitled to the relief prayed for." The petition and cross-petition were both dismissed, and the costs were taxed to defendant. Plaintiff appeals.

Elaborate briefs and printed arguments have been filed upon each side of this controversy, and the cause was ably argued at the bar. No important question of law is raised, and but few citations of authority are made. The main, and, indeed, the exclusive, discussion has consisted of a review of the evidence and the presentation of that part which, uncontradicted, would sustain the views of the party making the presentation. The bill of exceptions is voluminous, and abounds in charges and counter charges of the most disgusting character, followed by denials, excuses and explanations, little of which could properly be stated in this opinion. If one-half of the testimony offered by plaintiff is true, and no recrimination offered, she would be entitled to a divorce. If one-half of the testimony offered by defendant is true, and he is not guilty of the acts charged against him, he is entitled to a divorce. We have gone through the whole record and bill of exceptions with care, and are persuaded that a worse condition of domestic discord, and possibly of crime, could hardly be presented on paper. That false swearing—not only by the parties to the suit, but by

·other witnesses—has been indulged in almost without limit would seem to be shown on the face of the record. That acts of lasciviousness, cruelty, and inhumanity have been perpetrated by each of the parties toward the other, if any belief is to be given to their testimony, is without doubt. Each is charged with having violated the marriage covenant in more ways than one—in very many ways. All are denied, and the opposite party is denounced as the sinner. The parties were married in 1884, and at that time neither possessed any means. Both have labored hard during the whole time from the date of their marriage to the time of their separation in 1909, and have practiced economy and frugality in all things, until they amassed a fortune of the value of about $75,000. But apparently at no time has there been that mutual confidence or forbearance which should characterize the family relation. That defendant has been harsh and inconsiderate of plaintiff's feelings during practically the whole period of their married life is apparent. That plaintiff has been possessed of a quick and almost ungovernable temper is equally apparent. Each has unhesitatingly accused the other of infidelity in the most positive and offensive terms, and each now contends that the other is guilty.

In *Conant v. Conant*, 10 Cal. 249, it is said by the late Judge Field: "The statute says divorces may be granted from bed and board, or from the bonds of matrimony, but it was never intended that either should be indifferently granted according as the prayer of the applicant asked for one or the other modes of relief. It was intended that a certain discretion should be exercised by the courts, according to the special circumstances of each suit, acting upon the settled principles of the common law as applicable to this class of cases. And the true rule which should govern the courts in the exercise of its discretion in this respect is this: That, to entitle to a decree for an absolute divorce from the bonds of matrimony, the applicant must be an innocent party—one who has

faithfully discharged the obligations of the marriage relation, and seeks relief because really aggrieved or injured by the misconduct of the other." Cited and quoted in *McKnight v. McKnight,* 5 Neb. (Unof.) 260. If this rule be applied, it must be apparent that no divorce from the bonds of matrimony can be granted to either party.

Defendant is in the exclusive possession of all the property which has been amassed by their joint labor. Five children have been born to them, four of whom died at birth. The one surviving child—a girl, now about 12 years of age—is with plaintiff. It is admitted that defendant indulged in gross profanity, and no doubt much obscenity, within the household and in the presence of wife and child; and that plaintiff exercised the same high (?) privilege is also charged and to some extent substantiated. Prior to the separation in 1909, and for some time thereafter, the child indulged in the same habits of profanity, but at the time of the trial, through the influence and teachings of plaintiff and others, the habit had well nigh, if not entirely, disappeared. Considering the church and school advantages to which she could and does have access, it is to her advantage to remain with plaintiff for the present at least, but with the right of defendant to visit her at all seasonable times and occasions. Under the evidence, the decision of the district court in refusing an absolute divorce to either of the parties was right. Neither one should be relieved from the restraint of the marriage relation and permitted to contract new alliances. As matters now stand between them, neither seems inclined to yield, nor to exercise that degree of consideration or charity for the other which domestic felicity demands. Defendant being in possession of all their property—enough to supply the comforts and necessities of both—common fairness would seem to indicate that each should have the use and benefit of a portion of the results of their joint labor and frugality.

This cause is in this court for a trial *de novo.* We are

Goings v. Goings.

convinced that neither party should receive an absolute divorce, but are of opinion that plaintiff is entitled to a divorce from bed and board, but without dissolving the marriage relation existing between the parties. The custody, control and education of the child, Hazel, should be, and is, given to plaintiff, but with the right of defendant to visit the child on reasonable and suitable occasions. The plaintiff's industry, frugality and good judgment having contributed so much to the accumulation of the property held by defendant, and not having any separate estate, she should receive a liberal allowance from defendant for her support, and he should also pay the expense of supporting and educating their child. An annual allowance of $1,500 for the support of plaintiff, and the sum of $300 per annum to be paid to her for the support, maintenance and education of the child, but subject to the future orders of the district court, are ordered to be paid into the district court by defendant in quarterly instalments of $450 each on the first days of January, April, July and October of each year, the first payment to be made as of the date of the entry of this decree, or within 30 days thereafter. If plaintiff elects, the payment of these charges may be secured by the appointment of a receiver of sufficient of defendant's property to insure a compliance with the decree in her favor. The plaintiff is allowed the sum of $200 attorneys' fees to be paid into court for the use of her attorneys. All costs to be taxed to defendant.

The decree of the district court is reversed, and the cause is remanded to that court, with directions to enter a decree in conformity with this opinion.

REVERSED.