JOSEPH PULKRABEK, Appellant, v. OLIVE PULKRABEK, Respondent.

(183 N. W. 850.)

**Divorce — maintenance money to wife may be awarded where divorce denied.**
   1.   In an action for divorce the defendant answered denying the existence of grounds alleged in the complaint and affirmatively pleaded grounds for divorce against the plaintiff, praying for divorce and permanent alimony. At the conclusion of the trial the court found the evidence of both parties insufficient and denied the divorce. In addition it found that the plaintiff owned property worth $10,000; that he had failed and neglected to provide the defendant with the necessaries of life and had neglected to pay the temporary alimony. It is *held*:
   Under § 4401, C. L. 1913, where a divorce is denied, the court may award maintenance money to the wife.
may award maintenance money to the wife.

**Divorce — statutory award of maintenance may be made upon showing of reasonable necessity.**
   2.   An award of maintenance under § 4401, C. L. 1913, is not contingent upon the existence of grounds for divorce or upon the wife living apart from her husband without her fault, but the award may be made upon facts showing reasonable necessity for action on the part of the court.

Opinion filed June 25, 1921.

Appeal from district court, Morton County, *Pugh*, J.

Affirmed.

*Sullivan, Hanley & Sullivan,* for appellant.

"When a decree of divorce is denied, the findings of the Trial Court must show that the parties are living apart, and that the wife needed, or would need alimony for her support and maintenance." § 4401 Comp Laws, 1913. Peyre v. Peyre, (Cal.) 21 Pac. 838; California Civil Code. ¶ 136; Volkmar v. Volkmar, 147 Cal. 175, 85 Pac., 413; Bensen v. Bensen, 129 Pac. 596, (Cal.).

Under the New York statute the Court must further find that even under this section the wife can be granted alimony only on the event that she is entitled to a decree. Davis v. Davis, 75 N. Y. 221; Robinson v

Robinson, 146 App. Div. 533; 131 N. Y. S. 261; Warring v. Warring, 10c N. Y. 221; Palmer v. Palmer, 29 How. Prac. (N. Y.) 390; Douglas v. Douglas, 5 Hun. (N. Y.) 143.

*Norton & Kelsch,* for respondent.

BIRDZELL, J. This is an appeal upon the judgment roll in an action for divorce. The plaintiff, the husband, in his complaint alleged that the parties were married on May 8, 1920, and that shortly after the marriage the defendant, upon numerous occasions, treated the plaintiff in a cruel and inhuman manner, and has since pursued a course of conduct towards him that caused grievous bodily pain and mental suffering. The answer denies these allegations of grounds for divorce, and for a cross-complaint alleges that the plaintiff, shortly after the marriage, commenced a course of cruel treatment towards the defendant, and that the plaintiff—

"for the past six months has wilfully neglected and refused to pro-vide for this defendant with the common necessities of life, having the ability so to do, and has compelled this plaintiff to live upon the charity of friends and her own labor, notwithstanding his ability to support this defendant, and that he is worth, as this defendant is informed and be-lieves, the sum of $20,000."

The answer concludes with a prayer for divorce and permanent ali-mony. At the conclusion of the trial in the district court the following findings, among others, were made:

"III. The court finds, as a matter of fact, from all of the evidence and the record in said cause that both parties to said action have failed to prove by competent evidence the existence of any ground to entitle either party to a divorce.

"IV. That the plaintiff is the owner of 317 acres of real estate and also 6 lots with a dwelling house situated thereon in the city of Mandan, which said property is of the reasonable value of $10,000, which is free from all incumbrances whatsoever; that the plaintiff has failed to proper-ly furnish and equip the residence of said parties, and has failed and neg-lected to properly provide and care for the defendant herein with the nec-essities of life, notwithstanding the fact that he is well able so to do.

"V. That the plaintiff has paid the sum of $50 to the defendant upon the order awarding temporary allowance, but has failed and neglected to pay the amount awarded to the defendant as temporary alimony by order of the court, which is on file in said cause, and that there is due to the de-

fendant the sum of $25, payable February 22d, the sum of $25, payable March 22d.

"VI. That the defendant does not own any real property and does not own any personal property of any value, except her personal effects, and that it will require at least the sum of $25 per month for the support and maintenance of said defendant."

Pursuant to these findings the court concluded that neither party was entitled to a divorce; that there was due and payable to the defendant from the plaintiff the sum of $50 upon an order awarding temporary alimony; that the defendant had a right to possess and occupy with the plaintiff the home and residence of the plaintiff situated in the city of Mandan, N. D.; that the plaintiff pay to the defendant the sum of $100 for the purpose of buying furnishings and clothing for the defendant, or to furnish such fixtures, furnishings, and clothing as would be equivalent in value to the sum of $100; that the plaintiff pay to the defendant the sum of $25 as permanent alimony or allowance for her support, payable monthly beginning April 22, 1921; and that the plaintiff pay to the defendant the sum of $75 for additional attorney's fees and costs and disbursements. Judgment was entered in accordance with the findings and conclusions. The appellant challenges the sufficiency of the findings to support the judgment, and bases his principal contention upon the proposition that the court, having denied the divorce, was without power to enter any judgment for permanent or temporary maintenance.

The appellant concedes that the correctness of his contention depends upon the construction and application of § 4401, C. L. 1913. This section reads:

"Though a judgment of divorce is denied the court may in an action for divorce provide for the maintenance of a wife and her children, or any of them, by the husband."

It will readily be seen that it is the purpose of this section to authorize the decreeing of maintenance to a wife in proper circumstances where a divorce is denied. The question is, what circumstances justify the making of such a provision? Can maintenance be awarded while the wife is living with the husband, or can it only be awarded when, for sufficient cause found by the court and on account of the husband's fault, she is living separate and apart from him? In construing an identical statutory provision, the California court said:

"The objects of the provision evidently are to enable the court in a proper case to aid in a restoration of domestic harmony, to prevent the

breaking up of the family—especially where there are children of tender age and delicate health—and to require penurious husbands to furnish decent support for their wives, and for the care and education of the chil- dren, where the parties have no cause for divorce on statutory grounds, or where the innocent party has condoned the offense." Hagle v. Hagle, 74 Cal. 608, 16 Pac. 518.

See, also, to similar effect, P. v. P., 24 How. Prac. (N. Y.) 197.

We think this correctly expresses the objects of the statute, and that in order to carry out these objects a fair construction must be adopted— one which will result in giving to the court ample power to make nec- essary provision for attaining the ends which the Legislature evidently had in view. The statute recognizes that the state is concerned in safe- guarding the martial and family relation. Its interest is aroused even be- fore the domestic ties have been strained to the breaking point. And it endeavors to continue the marital relation by commanding respect for the reasonable obligations arising therefrom.

In the instant case it will be noted that the court found the plaintiff to be the owner of property reasonably worth $10,000; that he had failed to properly furnish and equip the residence of the parties and to properly provide the defendant with the necessaries of life, although he was well able so to do; and that the defendant is without property. It will also be seen that the provision made for her is reasonably conservative and well within proper bounds, considering the circumstances of the parties. The fact, too, that a divorce was sought by both parties without legal grounds existing therefor is a sufficient warrant for the intervention of the court to the end that recognition be given to the primary obligations of the mar- ital tie in the supplying of the simple material things necessary to sustain life and provide reasonable comfort.

The contention is made that the statute does not authorize an award of maintenance where the decree of divorce is withheld unless grounds for divorce are established or unless the wife is living separate and apart from her husband without her fault. It is true that affirmative findings show- ing the necessity for action must be made. The court cannot supervise the domestic affairs of individuals merely because their mode of living does not accord with the more commonly accepted standards. But under the statute we can see no reason for limiting action to those cases where grounds for divorce exist or where the parties are living apart. The sta- tute plainly says that when a judgment for divorce is denied the court may provide for the maintenance of the wife, and it does not make the

power contingent. It must, of course, be established as a fact, and this seems to be the determining point in the California cases cited by appellant's counsel, that there is ground for awarding the maintenance. Otherwise it must be assumed that the husband would voluntarily discharge his obligations of support.

We are of the opinion that the findings in this case support the judgment, and it is affirmed.

ROBINSON, C. J. and CHRISTIANSON, BRONSON, and GRACE, JJ., concur.