DEMOREST *v.* DEMOREST.

DIVORCE—EXTREME CRUELTY—EQUITY—CLEAN HANDS.

Decree of divorce to ' husband, on ground of wife's extreme
·cruelty, is set aside on appeal, on record showing that his
improper association with another woman broke up home
rather than wife's alleged acts of cruelty, and therefore he
does not come into court with clean hands.·

Appeal from Kent; Brown (William B.), J. Submitted April 12, 1932. (Docket No. 91, Calendar No. 36,094.) Decided June 6, 1932.

Bill for divorce by John R. Demorest against Mary M. Demorest, on ground of extreme cruelty. Decree for plaintiff. Defendant appeals. Reversed.

*Cornelius Hoffius,* for plaintiff.

*McAllister & McAllister,* for defendant.

NORTH, J. In the circuit court plaintiff was decreed a divorce from the bonds of matrimony on the ground of extreme cruelty. In her appeal defendant asserts because neither party was a resident of Michigan at the time the bill was filed the court was without jurisdiction, and also that the proofs taken established that plaintiff has been guilty of misconduct touching his marriage relations and was not in court with clean hands.

We need give consideration only to the second question presented by the appeal. A careful review of the record convinces us that plaintiff both before and since the filing of his bill of complaint was guilty of misconduct by improperly associating with

One who comes into equity must come with clean hands, see annotation in 4 A. L. R. 44, 48, 49.

another married woman, who in consequence of her intimacies. with plaintiff has also instituted divorce proceedings against her husband in another jurisdiction. In behalf of plaintiff it is urged that there is no proof tending to show misconduct of this character prior to the separation of these parties. While this may be true so far as direct proof is concerned,. nonetheless we think it is a fair and almost necessary inference from the testimony bearing upon plaintiff's improper relations that misconduct of this character antedated the separation. In any event, we are convinced that it was plaintiff's improper association with another woman that finally broke up his own home rather than the somewhat stale and none too serious acts of extreme cruelty which he urges against his wife.

The decree entered in the circuit court is set aside, and one will be entered here dismissing plaintiff's bill of complaint. The defendant will have costs of both courts.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.