[File No. 7114]

MARION RETTERATH, Appellant, v. RAYMOND RETTERATH, Respondent.

(38 NW2d 409)

Opinion filed June 24, 1949

*W. H. Esterly,* for appellant.

*Floyd B. Sperry, Raymond Rund,* and *Sullivan, Fleck, Kelsch & Lord,* for respondent.

GRIMSON, District J. This is an action for divorce brought by the plaintiff on the grounds of cruel and inhuman treatment. The answer of the defendant sets up recrimination by way of cruel and inhuman treatment on the part of the plaintiff as a defense to the action. The trial court found for the defendant and dismissed the action. The plaintiff appeals to this court. In the settled statement of the case, however, no demand is made for a trial de novo nor is any question of fact specified on which a review is desired.

In § 28–2732, ND Rev Code 1943 it is provided that "A party desiring to appeal from a judgment in any such action (tried by the Court) shall cause a statement of the case to be settled within the time and in the manner prescribed by chapter 18 of this title, *and shall specify therein the questions of fact that he desires the supreme court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court."*

This requirement is not merely an idle formality in the preparation of an appeal. Its purpose is to limit appeals to questions that appear doubtful and to eliminate all matters unessential to the consideration of such doubtful questions.

In State ex rel. McClory v. McGruer, 9 ND 566, 84 NW 363, the statement of the case included no demand for trial de novo or a review of any specific fact in the case. This court said, "Under the language of said section (now Section 28–2732) it is

clear that upon this record this court is without power either to try anew the entire case, or any particular question of fact in the case. The statute is further explicit to the point that, in the absence of specifications, and of any demand of a retrial in this court, this court is compelled to hold that all questions of fact decided below were properly decided."

In Security Improv. Co. et al. v. Cass County, 9 ND 553, 84 NW 477, this court said, "By not demanding a retrial of any fact in this court the appellant has, under the express provisions of said section, as well as under the repeated decisions of this court, deprived this court of all power or right to examine the evidence or retry any question of fact in the case. Section 5639, supra; Bank v. Davis, 8 ND 83, 76 NW Rep 998; Hayes v. Taylor, 9 ND 92, 81 NW Rep 49; Nichols v. Stangler, 7 ND 102, 72 NW Rep 1089; also, case decided at this term—State v. McGruer, 9 ND 566, infra, 84 NW Rep 363. And where we are precluded from a retrial of any fact the mandate of the section above cited is that all questions of fact 'shall be deemed on appeal to have been properly decided by the trial court.'"

And on the Petition for Rehearing, "Nor does the statute admit of a construction to the effect that the required specifications can be incorporated either in a notice of appeal or in a judge's certificate, as was attempted here. Such is not the language of the statute."

See. also Bank of Park River v. Norton, 14 ND 143, 104 NW 525; Lunde et al. v. Irish et al. 50 ND 312, 195 NW 825; State Bank of Maxbass v. Hileman, 31 ND 417, 154 NW 532.

This is the situation in the case at bar. The notice of appeal did state "that the appellant hereby demands trial anew and that all of the issues of every kind and nature be submitted to the supreme court for trial de novo." That, however, is not sufficient under the statute and these decisions. No motion was made for striking the statement from the files nor for remanding it for amendment, but in his brief the defendant brings this matter to the attention of the court.

Under these circumstances this court has no authority to review the trial court's findings. Because of the importance of the case, however, and of the fact that the lives of five persons

are affected by the decision, the court has read the evidence and has come to the conclusion that the findings of the trial court are fully justified thereby.

That leaves for consideration only the judgment roll and errors of the law assigned thereon. The amended complaint sets forth the necessary jurisdictional facts, a prior marriage and divorce, alleged facts claimed to constitute cruel and inhuman treatment, and the financial condition of the defendant. The prayer is for a decree of divorce, for alimony and support of herself and children, the custody of the children and a division of the property. The amended answer is a general denial, admitting only the jurisdictional facts, the prior marriage, divorce and remarriage. It then recites alleged facts claimed to show a cause of action for the defendant against the plaintiff on the grounds of cruel and inhuman treatment as recrimination. He asks for a dismissal of the action and the custody of the children. Both parties ask for such further relief as to the court may seem just and proper. The reply is a general denial. A three day hearing was held. The court filed a memorandum opinion and made findings of fact, conclusions of law and order for judgment.

In such findings the court finds that the plaintiff was guilty of cruel and inhuman treatment towards the defendant which amounted to a cause of action by the defendant against the plaintiff and barred the plaintiff's cause of action against the defendant.

Section 14-0510 ND Rev Code 1943 provides that a divorce must be denied upon a showing of recrimination. Section 14-0515 defines recrimination as "A showing by the defendant of any cause of divorce against the plaintiff in bar of the plaintiff's cause of divorce."

In the case of Hoellinger v. Hoellinger, 38 ND 636, 166 NW 519, the divorce was denied because the Court found each party had a cause of action for divorce against the other.

In the case of Roberts v. Roberts, 204 Wis 401, 236 NW 135, the Wisconsin Supreme Court puts it this way, "The doctrine of recrimination in relation to divorce actions has been held to be sufficient bar to a divorce where it is shown that each party has been guilty of an offense which the statute has made a ground

for divorce in favor of the other. 2 Bishop on Marriage, Divorce and Separation; Sections 372–376; Hiecke v. Hiecke, 163 Wis 171, 175, 157 NW 747, Ann Cas 1918B 497."

See also Thorem v. Thorem, 188 Minn 153, 246 NW 674, 675; Demorest v. Demorest, 259 Mich 156, 242 NW 873; Studley v. Studley, 129 Neb 784, 263 NW 139; Goings v. Goings, 90 Neb 148, 133 NW 199; Vardon v. Vardon, 266 Mich 341, 253 NW 320.

Clearly upon the finding thus made the court was justified in concluding that the divorce should be denied.

The question of the maintenance of the plaintiff was raised, both in the pleadings and in the briefs. Error is claimed by the plaintiff in the failure of the court to grant any relief in that respect. The court made no findings on the financial status of the parties. The court found that the defendant discharged his duties to the plaintiff and to his children "to the best of his ability under the circumstances prevailing in their married life," and that the plaintiff was guilty of cruel and inhuman treatment toward the defendant. The implication of the court's findings is that his conduct towards the plaintiff was affected thereby. It appeared on the argument and in the files that the plaintiff and defendant were not living together as man and wife. That the defendant had stopped plaintiff's credit at the stores. That the family relations were severely strained. It follows that proper family life and proper influences surrounding the three children of the parties would be very doubtful and that some provision for the proper maintenance of the family might be necessary. Under such circumstances the plaintiff might be entitled to some relief.

Section 14–0526 ND Rev Code 1943 provides that "Though a judgment of divorce is denied, the court in an action for divorce may provide for the maintenance of a wife and her children, or any of them, by the husband."

Under that section (4401 CL 1913) this court held, in Pulkrabek v. Pulkrabek, 48 ND 243, 183 NW 850, an award of maintenance "may be made upon facts showing reasonable necessity for action on the part of the court." See also Hoellinger v. Hoellinger, 38 ND 636, 166 NW 519, supra; Tank v. Tank, 69 ND 39, 283

NW 787; Voss v. Voss, 157 Wis 430, 147 NW 634; Penn v. Penn, 168 Wis 267, 169 NW 558.

It further appears from the files and records in the case and on argument it was conceded, that subsequent to the entry of judgment herein the plaintiff commenced another action in the same court for separate maintenance, custody of the children and division of property. In that action an application for temporary support was made to Judge Miller, Judge Broderick having disqualified himself. That motion was granted. Pending the trial thereof the plaintiff was allowed possession of the family home to the exclusion of the defendant. She was also given temporary custody of the children.

In the action at bar no determination was made as to the maintenance of the plaintiff, support and custody of the children or property division. Those matters are still open and the judgment in the case at bar cannot in any way be considered as res judicata thereon.

Under such circumstances it is not necessary to remand this case for a hearing and determination on those matters. They are all properly pending in the new action. That action is still pending in the District Court of Mercer County.

The judgment of the District Court denying a divorce is affirmed but without prejudice to the plaintiff enforcing her right of action for the maintenance and support of herself and children in the action now pending to which reference has heretofore been made.

NUESSLE, Ch. J., and BURKE, MORRIS and CHRISTIANSON, JJ., concur.

BURR, J., did not participate.