## COMMONWEALTH *vs.* MOSES COLBY.

Suffolk. Nov. 24, 1879. — Jan. 12, 1880. MORTON & SOULE, JJ., absent.

A. built four houses upon a lot of land owned by him. No cellars were built under the houses, but there was a vacant space under them below the basement floors. The foundation walls ran across this space so that it was substantially enclosed by the walls, and the houses were drained by a line of cement pipe running through the space underneath the floors of all the houses and terminating in a cesspool. Stagnant water was found under the several houses, caused by a leakage or leakages in the above pipe. Four complaints were brought against A., each charging him with permitting waste and stagnant water to stand upon a distinct lot of land. At the trial, the judge declined to rule, as requested by the defendant, that there was only one lot of land and but one offence committed, but instructed the jury that it was a question of fact for them, upon the evidence, whether there was more than one lot of land. *Held,* that the defendant had no ground of exception.

FOUR COMPLAINTS, each charging the defendant with permitting waste and stagnant water to stand and remain for the space of two weeks prior to March 18, 1879, upon a lot of land owned by him, in violation of an ordinance of the city of Boston, which provides that "no person shall suffer any waste or stagnant water to remain in any cellar, or upon any lot, or vacant ground, by him owned or occupied." The first complaint described the lot as numbered one on Colby Place; the second, as lot two ; the third, as lot three ; and the fourth, as lot four.

At the trial in the Superior Court, on appeal, before *Pitman,* J., the evidence tended to show that the defendant, in 1871, built four dwelling-houses upon a lot of land owned by him; that no cellars were built under the houses, but there was a vacant space under them, from two to three feet below the basement floors ; that the foundation walls ran across this space so that it was substantially enclosed by the walls ; that the houses were drained by a line of cement pipe running through the space underneath the floors of all the houses and terminating in a cesspool; and that for about two weeks stagnant water was found under the several houses, caused by a leakage or leakages in the pipe above referred to.

The defendant asked the judge to rule that, within the meaning of the law, there was only one lot of land so far as the defendant was concerned, and but one offence was committed;

and that, if the jury found the defendant guilty upon one complaint, he must be acquitted upon the others.

The judge declined so to rule; but instructed the jury that it was a question of fact for them, upon the evidence, whether there was more than one lot of land, and they might find the defendant guilty accordingly.

The jury returned a verdict of guilty upon all the complaints; and the defendant alleged exceptions.

*N. B. Bryant,* for the defendant.

*G. Marston,* Attorney General, for the Commonwealth.

LORD, J. There is no question but that, when the defendant made his purchase, the land now covered by four houses was a single lot. The question to be tried was one of fact, whether the defendant had divided that lot and made of it four lots. That he might have made the one lot into four is unquestionable. If he had sold each of the four dwelling-houses to a different person, there would have been no question that his one lot would have been made into four. If these four several houses had been under lease to four different tenants at the time of the offence complained of, and about which there was no evidence, it would be equally clear that there were four distinct estates, for the condition of which each occupant would be responsible to the extent of his occupancy. It is clear, therefore, that the presiding judge could not rule as matter of law that there was but a single lot, and if he erred in not ruling as matter of law that there were four lots, and submitted that question as matter of fact to the jury, who found that in fact there were four lots, the defendant was not thereby injured.

*Exceptions overruled.*