(86 N. W. Rep. 362.)

---

OLE C. TEINEN, *et al vs.* SUSAN A. LALLY, *et al.*

Opinion filed May 25, 1901.

**Nuisances.**

A privy is not a nuisance per se, but may become so under some circumstances. The question whether it is a nuisance is a question of fact.

**Statement of Case—Review.**

Where, in an action to abate such nuisance, the trial court, sitting without a jury, has found that it is not a nuisance, such finding cannot be reviewed by this court, in the absence of a statement of case containing all of the evidence offered in the trial court, and a demand for a retrial, as required by section 5630, Rev. Codes.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Ole C. Teinen and Minnie Teinen against Susan A. Lally and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

*Smith Stimmel,* for appellants.

*A. G. Hanson,* for respondents.

YOUNG, J. Action to abate an alleged nuisance. The parties to this action occupy residences situated upon adjoining lots in block 32, in Keeney & Devitt's Second addition to the city of Fargo. The alleged nuisance consists of a privy, which the defendant Susan A.

Lally caused to be constructed on lots owned by her, to be used in connection with two dwelling houses thereon situated, which dwelling houses are occupied by the other defendants as tenants. The complaint describes the location of the objectionable structure, with reference to plaintiff's residence, and alleges that it is an offense to decency, and that it destroys the comfort of plaintiffs' home. The answer places in issue only the offensive character of the structure, and the allegation that it constitutes a nuisance. The case was tried to the court without a jury, under § 5630, Rev. Codes. The trial court found that it was not a nuisance, and directed the entry of a judgment for defendants. Plaintiffs appeal from the judgment.

We are limited, by the record presented on this appeal, to a consideration of the single question whether the findings made by the trial court sustain the judgment appealed from. The issues of fact are not here for trial *de novo*. A statement of the case is contained in the record which embraces all the evidence offered in the trial court, but it contains neither a demand for a retrial of the entire case nor of any particular fact. Under these circumstances, we are without authority to retry all or any of the facts in issue. *Bank* v. *Davis,* 8 N. D. 83, 76 N. W. 998; *Erickson* v. *Bank,* 9 N. D. 81, 81 N. W. 46; *Ricks* v. *Bergsvendsen,* 8 N. D. 578, 80 N. W. 768; Hayes v. Taylor, 9 N. D. 92, 81 N. W. 49; *Mooney* v. *Donovan,* 9 N. D. 93, 81 N. W. 50.

From an examination of the findings contained in the judgment roll, it appears that the trial court expressly found that the privy of which plaintiffs complain is not a nuisance. Such structures are common accessories to well ordered residences, and are not nuisances per se. They may become so under some circumstances. But the question whether a privy is a nuisance is a question of fact to be determined on the evidence in each case. *Douglas* v. *State,* 4 Wis. 387; *Smith* v. *Russ,* 17 Wis. 234, 84 Am. Dec. 739; *People* v. *Carpenter,* 1 Mich. 273. In *Hart* v. *Mayor,* etc., 3 Paige, 218, it was said that "the question of nuisance or no nuisance is always a question of fact." See, also, *Com.* v. *Colby,* 128 Mass. 91; *Pilcher* v. *Hart,* 1 Humph. 524. The trial court having found that the privy in question is not a nuisance in fact, the judgment for defendants followed necessarily, and the same must be affirmed; and it is so ordered. All concur.