[No. 16774.  Department Two.  May 23, 1922.]

ROBERT HUGHSON *et al., Appellants,* v. CHARLES
WINGHAM, *Respondent.*[1]

NUISANCE (2) — WHAT CONSTITUTES — OPERATION OF SLAUGHTER
HOUSE—EVIDENCE—SUFFICIENCY. A slaughter house, well constructed
and operated in a sanitary manner, three hundred feet from plain-
tiff's residence, will not be held a nuisance, where the weight of the
evidence was to the effect that the odors do not permeate the air for
more than fifty feet, it not being sufficient that its proximity is not
pleasant to the aesthetic sense; its mere presence not constituting
a nuisance.

Appeal from a judgment of the superior court for
Stevens county, Sessions, J., entered May 2, 1921, in
favor of the defendant, dismissing an action to abate
a nuisance, tried to the court.  Affirmed.

*W. Lon Johnson* and *Wentz & Bailey,* for appellants.
*F. Leo Grinstead* and *L. B. Donley,* for respondent.

MAIN, J.—This action was brought to restrain the
operation of a slaughter house, plaintiffs claiming that
it constituted a nuisance.  The trial before the court
without a jury resulted in a judgment dismissing the
action.  From this judgment, the plaintiffs appeal.

The appellants own, reside on, and operate a farm
consisting of approximately one hundred and twenty-
five acres, located about one and a half miles south of
the city of Colville, in Stevens county.

The respondent is the owner of about one hundred
acres of land immediately adjoining that of the ap-
pellants.  During the spring or early summer of the
year 1920, the respondent constructed a slaughter
house upon the land owned by him for the purpose of
slaughtering cattle, sheep and hogs to supply the retail

[1]Reported in 207 Pac. 2.

meat market which he conducted in Colville. The Inland Empire Highway traverses both the land of the appellants and respondent, running in a north and south direction. The dwelling of the appellants is located on the east side of the highway, and their barns and other buildings located on the opposite side. The slaughter house is located about three hundred feet northwest of the appellants' dwelling and on the west side of the highway, the dwelling house being of an elevation of approximately sixty feet above that of the slaughter house, which was located on what is referred to as the valley floor. The barn and other outbuildings of the appellants are immediately to the south of the slaughter house. Respondent, as the evidence shows, constructed the slaughter house with concrete floors and walls and it is a modern building of its kind, comparing favorably with other slaughter houses located at or near much larger towns than Colville. The appellants protested against the erection of a slaughter house at this particular place, and after its operation began, which was on about the 17th of August, 1920, claimed that offensive odors came therefrom and disturbed them in the enjoyment of their home, also that it was a place which attracted flies, which caused the appellants discomfort and endangered their health and repose.

Speaking generally, the appellants seem to make three principal contentions: first with reference to the offensive odors; second, with reference to the flies; and third, that the slaughter house, as such, is a menace to their comfort, repose and health, and therefore should be abated. Upon the question of the odors and the flies, the evidence is directly conflicting. The trial court made no findings of fact or conclusions of law, but simply entered a judgment of dismissal. From the

remarks of the trial judge during the trial, as they appear in the record, it is apparent that he recognized that, if the plant gave off offensive oders, as contended for by the appellants, and was a place which attracted flies, which disturbed the appellants in their comfort and repose, it would constitute a nuisance. In dismissing the action, it is apparent that he was of the opinion that the weight of the testimony was against the appellants upon these questions.

Without reviewing the evidence in detail, we are of the opinion that the weight of the testimony is to the effect that the odors from the plant do not permeate the air at a distance from the plant of more than fifty feet, and that the plant is not the cause of the menace from flies, if such exists. It is true that a plant of this character, as shown by the evidence, has a smell or odor peculiar to itself the same as in other packing houses. We think the evidence shows that the plant is well constructed and operated in a sanitary manner. Complaint is made in this connection with reference to the hog pen adjacent to the slaughter house, wherein are kept and fed from fifteen to thirty head of hogs. If the operation of the plant were such as to cause offensive odors and the presence of flies, and if the hog pen was in such a condition that it would constitute a nuisance to the appellants, the remedy would be not to abate the operation of the slaughter house until such time as the respondent had had an opportunity to operate it in an entirely sanitary manner. With reference to a slaughter house, in *Grant v. Rosenburg,* 112 Wash. 361, 192 Pac. 889, 196 Pac. 626, upon rehearing *En Banc,* it was said:

"It follows that, before an order may issue destroying the plant of appellants, a reasonable time and opportunity should be given to the appellants to obviate the noxious odors."

So, if the appellants are to prevail in this action at this time, it must be by reason of the fact that the location of the slaughter house three hundred feet distant from their dwelling is a menace to their comfort, repose and health. It is undoubtedly true that the presence of a slaughter house so near to a dwelling is not pleasant to the aesthetic sense. But this in itself would not be sufficient to constitute a nuisance. In *Rea v. Tacoma Mausoleum Association,* 103 Wash. 429, 174 Pac. 961, 1 A. L. R. 541, it was held that an addition to the mausoleum would not be restrained as a nuisance when unattended by injurious or offensive drainage or fumes sensible to the complaining party. In that case the cases of *Everett v. Paschall,* 61 Wash. 47, 111 Pac. 879, Ann. Cas. 1912B 1128, 31 L. R. A. (N. S.) 827, and *Densmore v. Evergreen Camp No. 147, W. O. W.,* 61 Wash. 230, 112 Pac. 255, Ann. Cas. 1912B 1206, 31 L. R. A. (N. S.) 608, were noticed and held not to be in conflict with the principle there announced. If the presence of the addition to the mausoleum, which was in the residence district of the city of Tacoma, did not in itself constitute a nuisance, it cannot be held that a slaughter house erected as this one was, three hundred feet from the dwelling of the appellants, would by its mere presence constitute a nuisance. If at any time in the future the slaughter house should be operated in such a manner as to constitute a nuisance, the appellants will have a remedy in the courts.

The judgment will be affirmed.

PARKER, C. J., MACKINTOSH, and HOVEY, JJ., concur.