[No. 20550. Department One. August 9, 1927.]

VICTOR J. ZEY *et al., Appellants,* v. TOWN OF LONG BEACH *et al., Respondents.*[1]

[1] NUISANCE (2)—WHAT CONSTITUTES—COMFORT STATION—ACTIONS —RELIEF IN FUTURE. A comfort station not being, *per se,* a nuisance or to be enjoined merely because it offends against the aesthetic sense, a judgment refusing to abate it on account of offensive odors, but requiring the cesspool to be covered with earth and prohibiting its overflow, will be affirmed without prejudice to renew the action if in the future offensive odors or injuries endanger the comfort, repose or health of adjacent owners.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered September 25, 1926, upon findings in favor of the defendants, in an action to abate a nuisance. Affirmed.

*F. M. Bond,* for appellants.

*Welsh & Welsh,* for respondents.

MAIN, J.—The plaintiffs brought this action, claiming that a comfort station and the adjacent septic tank and cesspool constituted a nuisance and sought to have the same abated. The trial to the court without a jury resulted in a judgment requiring the defendants to cover the cesspool and septic tank with earth to the depth of one foot, which should be done under the supervision and satisfaction of the county engineer of Pacific county. The judgment also enjoined the defendants from permitting the cesspool and septic tank to overflow or rise above the surface of the earth. The plaintiffs being dissatisfied with the judgment because it did not go further and abate the comfort station, septic tank and cesspool as a nuisance and order their removal, appeal therefrom.

[1]Reported in 258 Pac. 492.

The facts essential to be stated are these: The appellants are the owners of lots 25 and 26 in a certain addition to the town of Long Beach. Upon lot 25 is their residence and in which, during the summer months, they take transients and tourists as roomers. On lot 26 they have erected for the same purpose six cottages and four garages. Lot 25 fronts to the west, upon a park owned by the town. Lot 26 is to the north of lot 25 and, if the dividing line between them were extended west, it would coincide with the north line of the park. Through the park from north to south is Pacific avenue, which is a paved street and has concrete sidewalks. Ten feet from the east margin of this street, and about twenty or twenty-five feet from the north line of the park, the respondents erected a comfort station one story high, eighteen by twenty-four. This is a frame structure, painted, and has a shingled roof. A few feet to the east of. this is constructed the septic tank and cesspool. The town of Long Beach has no sewerage system, and septic tanks and cesspools must be resorted to for taking care of the refuse. The east line of the comfort station is approximately sixty feet from the west line of appellants' lot 25 and eighty feet from the west line of their residence upon that lot. The appellants complain of offensive odors coming from the cesspool and septic tank and complain that, on two occasions, the former had overflowed and became decidedly offensive. They testified in a general way that prospective roomers or tenants for their cottages would not take them because they objected to living behind the comfort station. They also testified to complaints being made by roomers or tenants to the like effect.

[1] The judgment of the trial court, requiring the cesspool and septic tank to be covered with earth and enjoining the respondents from permitting an overflow

to occur, reduces the question upon this appeal as to whether the comfort station, as such, constitutes a nuisance and should be entirely abated. A comfort station is not a nuisance *per se* and may or may not be such in fact, depending upon the attendant facts and circumstances. *Teinen v. Lally,* 10 N. D. 153, 86 N. W. 356. Before it can be held that the comfort station constituted a nuisance it must be found that it interfered with the comfortable enjoyment of the appellants in their life and use of their property. *Goodrich v. Starrett,* 108 Wash. 437, 184 Pac. 220; *Ferry v. Seattle,* 116 Wash. 648, 200 Pac. 336, 203 Pac. 40. There is no direct evidence that the rental value of the rooms or cottages was impaired by the presence of the comfort station, or that the value of the property was reduced. It is undoubtedly true that the presence of the comfort station directly to the west, and immediately in front of, the residence of the appellants is not a thing to be desired. It would offend against the aesthetic sense, but this would not be sufficient to make it a nuisance. *Hughson v. Wingham,* 120 Wash. 327, 207 Pac. 2, 27 A. L. R. 327. In the case of *Rea v. Tacoma Mausoleum Association,* 103 Wash. 429, 174 Pac. 961, 1 A. L. R. 541, it was held that an addition to a mausoleum would not be enjoined as a nuisance injuriously affecting adjoining residence property, merely because it was to become a permanent sepulture near a residence, when there was no showing that there would be an emission of fumes or drainage affecting the physical senses or the health of the people residing nearby. The present case, as it now stands, comes within the holding in that case.

The judgment will be affirmed, but without prejudice to the right of the appellants to renew their action, if, in the future, offensive odors or anything else caused

by the comfort station, septic tank or cesspool annoys, injures or endangers the comfort, repose or health of the appellants in the enjoyment of their life or property.

MACKINTOSH, C. J., MITCHELL, and FRENCH, JJ., concur.