Bradley vs. Cramer and others.

---

BRADLEY, Respondent, vs. CRAMER and others, Appellants.

*November 23 — December 14, 1886.*

*Appealable order: Refusal to strike cause from calendar: Notice of filing remittitur.*

A motion to have a cause stricken from the calendar of the trial court because the moving party had not had notice of the filing of the remittitur after an appeal and reversal of the judgment, is *held* equivalent to an application for a continuance, and the order thereon not appealable.

APPEAL from the Circuit Court for *Rock* County. The facts are stated in the opinion.
*T. B. Chynoweth*, for the motion.
*B. K. Miller, Jr.*, contra.

BY THE COURT. This is a motion by the plaintiff to dismiss the appeal herein. The cause was here at the last

term on an appeal from a judgment for the plaintiff. The judgment was reversed May 15, 1886, and the cause remanded for a new trial. See 66 Wis. 297. The *remittitur* was filed in the circuit court July 20th, and on October 19th last the plaintiff served notice of trial for the next term, to commence November 3d. On the first day of the term defendants moved to strike the cause from the calendar for the reasons that no notice had been given them of the filing of the *remittitur*, and they were ignorant that it had been filed in the circuit court. The court denied the motion, and this appeal is from the order denying the same. The motion was equivalent to an application for a continuance of the cause over the term for the alleged reason that the necessary steps had not been taken to entitle the plaintiff to a trial thereof at that term. It is of the same nature, and governed by the same rules, as a motion to continue a cause to the next term because of the absence of a witness or for any other cause not going to the existence of the action. Such motions do not go to the merits of the action, but are mere matters of practice or procedure, and the orders thereon are not appealable. *McLeod v. Bertschy*, 30 Wis. 324.

The motion to dismiss the appeal is granted.