(81 N. W. Rep. 49.)

---

### W. J. MOONEY *vs.* E. I. DONOVAN.

Opinion filed November 17, 1899.

**Review in Mandamus.**

Whether mandamus proceedings come within the provisions of chapter 5, Laws 1897, relating to the trial of civil actions by the court, not decided.

**Statement of Case—Specification of Particulars.**

> But when a statement of the case fails to contain the specifications as required by section 5467, Rev. Codes, it must be disregarded by this court if the proceding was tried under the old system; and when it fails to contain specifications required by chapter 5, Laws 1897, it must be disregarded if tried under that law.

**Order Denying Motion to Quash Mandamus Not Part of Judgment Roll.**

> Under section 5489, Comp. Laws, before an order of the court can become a part of the judgment roll without being made so by a statement of the case, it must be an order "involving the merits and necessarily affecting the judgment." *Held*, that an order denying a motion to quash an alternative writ of mandamus forms no part of the judgment roll, unless made so by a statement of the case.

Appeal from District Court, Cavalier County; *Sauter*, J.

Action by W. J. Mooney against E. I. Donovan. Judgment for plaintiff, and defendant appeals.

Affirmed.

*J. C. Monnet*, for appellant.

*Joseph Cleary*, for respondent.

BARTHOLOMEW, C. J. This was a proceeding by mandamus on the part of a stockholder to compel the secretary to permit him to inspect the books and records of the corporation. He was successful in his efforts, and the secretary appeals. We regret that the interesting questions raised by the appeal cannot be investigated in this court, but the practice statutes will not permit it. The alternative writ issued, and on the return day the defendant moved to quash for insufficiency of statement. The motion was denied, and an exception saved. Subsequently an answer was filed raising issues of fact, and the case was tried before the court upon parol testimony. Findings of fact and conclusions of law were made, followed by a judgment awarding the peremptory writ, and the issuance of the writ.

It is clear from a perusal of the abstract that, at the trial of the case, court and counsel proceeded upon the theory that the matter was being tried under the provisions of law relating to the trial of civil actions to the court without a jury; and the defendant, in preparing his appeal, evidently proceeded upon the same theory. It will be unnecessary in this case for us to decide whether or not those statutes apply to the special proceeding of mandamus, because, as we view it, the merits of this controversy cannot be investigated, either under those statutes, or under the practice as it existed prior to the enactment of those statutes. In the statement of the case filed in this court, appellant does not state that he desires any particular issues of fact retried, or that he wants the entire case retried. In this state of the record we have repeatedly held that under the provisions of chapter 5, Laws 1897, we were powerless to re-examine the facts in a case tried to the court without a jury. *Bank* v. *Davis*, 8 N. D. 83, 76 N. W. Rep. 998; *Ricks* v. *Bergsvend-*

*sen,* 8 N. D. 578, 80 N. W. Rep. 768; and *Erickson* v. *Bank,* (decided at this term) 81 N. W. Rep. 46. Some effort is made by counsel to save this point on the ground that the statement was settled by the court pursuant to a stipulation. But plaintiff never stipulated that defendant's proposed statement was in due form, or sufficient to enable him to raise the facts in this court. Nor can the omission from the statement of the case of language which the statute in terms requires should be included therein be aided by anything in the certificate of the judge settling the statement.

But, if we hold that this mandamus proceeding does not come within the terms of the statute regulating trials and appeals in cases tried by the court without a jury, it is equally certain that under the long-established practice under section 5467, Rev. Codes, we cannot examine the testimony. The statement of the case presented to us contains no exceptions to the findings of fact, and no specifications of particulars wherein such findings are not supported by the evidence, or of the errors of law upon which the appellant intends to rely. The section last cited declares: "There shall be incorporated in every such statement a specification of the particulars in which the evidence is alleged to be insufficient to justify the verdict or other decision and of the errors of law upon which the party settling the same intends to rely. If no such specification is made the statement shall be disregarded on motion for a new trial and on appeal." It is clear that the statement must be disregarded, and the facts cannot be investigated. But can we review the ruling upon the motion to quash? Section 5627, Id., reads: "Upon an appeal from a judgment the Supreme Court may review any intermediate order or determination of the court below, which involves the merits and necessarily affects the judgment, appearing upon the record transmitted or returned from the District Court, whether the same is excepted to or not; nor shall it be necessary in any case to take any exceptions or settle a statement of the case to enable the Supreme Court to review any alleged error which would without a statement appear upon the face of the record." This language was borrowed from Wisconsin. It now appears in section 3070, Rev. St. Wis. 1898, but was the law in Wisconsin long prior to its adoption by Dakota Territory in section 24, chapter 20, Laws 1887. Of course, the matter to be reviewed must in some manner appear upon the record. In this instance it appears by a settled case, but there is no proper specification in such statement; consequently it cannot be reviewed, unless it would appear upon the record without such statement. In other words, is it a part of the judgment roll without being made so by a statement of the case? Section 5489, Rev. Codes, declares what consitutes the judgment roll (1) in default cases; and (2) "in all other cases, the summons, pleadings or copies thereof, the verdict, decision or report, the offer of the defendant, a copy of the judgment, the statement of the case, if any, and all orders and papers in any way involving the merits and necessarily affecting the judg-

ment." This, too, comes from Wisconsin, and is practically identical with section 2898, Rev. St. Wis. 1898. It will be noticed that certain matters other than the pleadings and decision and judgment may appear in the judgment roll without a statement of the case, to-wit: "all orders and papers in any manner involving the merits and necessarily affecting the judgment." Do the motion and order here involved come under that provision? As early as *Williams* v. *Holmes,* 7 Wis. 168, it was held that "motions made in the progress of a cause are not part of the record, and can only be made so by bill of exceptions properly settled;" and to same effect are *Demming* v. *Weston,* 15 Wis. 236; *Tubbs* v. *Doll,* Id. 640; *Cornell* v. *Davis,* 16 Wis. 686. In *Bradley* v. *Cramer,* 67 Wis. 415, 30 N. W. Rep. 622, it was held that an order denying a motion to dismiss did not go to the merits. In *State* v. *Supervisors of Lincoln,* 67 Wis. 274, 30 N. W. Rep. 360, which was a mandamus proceeding, it was held that an order setting aside the service of the alternative writ did necessarily affect the judgment, as it terminated the case—which was initiated by the service of such writ,—and compelled the plaintff to commence another action. In *Donkle* v. *Milem,* 88 Wis. 33, 59 N. W. Rep. 586, it was held that an order opening a judgment by default, and permitting defendant to answer, could not be reviewed upon an appeal from the judgment, unless brought upon the record by a bill of exceptions. In *Keller* v. *Town of Gilman* (Wis.) 71 N. W. Rep. 809, it was held that an order granting a new trial could not be reviewed on appeal from the judgment on the second trial, unless brought upon the record by a bill of exceptions. These citations are sufficient to show the practical construction that has been placed upon these statutes. Before the order becomes a part of the judgment roll, under these provisions, it must not only involve the merits, but it must necessarily affect the judgment, either by terminating the action so that no judgment can be rendered, or by making it certain that by reason of the order the judgment will necessarily be different from what it would be were the order not made. In this case the denial of the motion left the case for trial on the merits, with no assurance that the judgment might not be in all respects the same as it would have been had the motion been granted. It follows, then, that the order is not before us, unless brought there by the statement; and, as we have said, the statement is ineffectual for that purpose, because it contains no specification of errors, as required by section 5467, Rev. Codes, or chapter 5, Laws 1897. The judgment appealed from is affirmed. All concur.