THE BANK OF PARK RIVER, A CORPORATION, v. THE TOWN OF NORTON, A CORPORATION.

Opinion filed April 22, 1905.

**Towns — Purchase of Road Grader — Power of Board.**

1. Under the provisions of section 1115a, Rev. Codes 1899, relating to purchase of road graders by township boards, the township board may purchase such graders or other road machinery on its own motion, without previous authorization or petition by the freeholders or voters of the township.

**Same — Payments.**

2. Under the provisions of section 1115a, providing that the township board may purchase road machinery "on credit or otherwise," such board may purchase such machinery, and order it paid out of the general fund in certain cases, instead of by taxation.

**Appeal — Review of Evidence — Trial De Novo.**

3. In appeals to this court under section 5630, Rev. Codes 1899, the evidence cannot be reviewed unless the appellant demands a trial anew of all the issues or of some particular fact.

Appeal from District Court, Walsh county; *Lauder*, J.

Action by the Bank of Park River against the town of Norton. Judgment for plaintiff, and defendant appeals.

Modified.

Rehearing denied June 29, 1905.

*E. R. Sinkler,* for appellant.

The order not being drawn upon the fund out of which it is payable is void. 1 Dill on Mun. Cor. 505; Argenti v. City of San Francisco, 16 Cal. 256; Martin v. City and County of San Francisco, 16 Cal. 285; Minor v. Loggins, 37 S. W. 1086; 15 Am. & Eng. Enc. Law (1st Ed.) 1214; People ex rel. J. G. Cooke v. Lewis Wood, 71 N. Y. 371; Baker v. City of Seattle, 27 Pac. 462; Rev. Codes, sections 1919, 1294, 2598, 1115f.

The mode of contracting constitutes the measure of the power of the officer of a municipal corporation. Rev. Codes, section 2538; 1 Dill on Mun. Cor. 447; Zottman v. City and County of San Francisco, 20 Cal. 97.

Burden is on plaintiff to show their power. Crawford v. Albany Ice Co., 60 Pac. 14; 14 Enc. Pl. & Pr. 241.

Where an order has not been presented and indorsed "Not paid for want of funds," no interest can be had. Rev. Codes, section 2614; Freeman v. City of Huron, 73 N. W. 260.

Township warrants are not negotiable. Gilman v. Township of Gilby, 80 N. W. 889, 8 N. D. 627; Goose River Bank v. Willow Lake Twp., 1 N. D. 26, 44 N. W. 1002; 1 Dill on Mun. Cor. sections 503, 487, 504; Miner v. Vedder, 33 N. W. 47; Hubbell v. Town of Custer City, 87 N. W. 620; Storey v. Murphy, 81 N. W. 23.

*H. A. Libby,* for respondent.

A city is liable on its warrants issued by it, although no funds have been collected for their payment, where such city has had time to levy and collect a tax for the purpose and has failed to do so. Blackman v. City of Hot Springs, 85 N. W. 996; Warner v. City of New Orleans, 87 Fed. 828.

The meeting of the board of supervisors was regular and the notice was waived. Beaver Creek v. Hastings, 52 Mich. 528, 18 N. W. 250; Lord v. Anoka, 36 Minn. 176; States v. Borough of Washington, 2 Am. & Eng. Corp. Cas. 39; 15 Am. & Eng. Enc. Law (1st Ed.) 1034.

The former order of the Supreme Court granting judgment for the relief demanded in the complaint was *with prejudice* and is an affirmance of the order of the lower court appealed from. Rules of Supreme Court, Rule XXXVI.

MORGAN, C. J. This cause was tried in the district court under the provisions of section 5630, Rev. Codes 1899. This court so held on a former appeal from an order denying a new trial in this case. 12 N. D. 497, 97 N. W. 860. The appellant has not demanded a trial de novo on this appeal, and is therefore not entitled to a review of the evidence on the appeal. State v. McGruer, 9 N. D. 566, 84 N. W. 363; Security Improvement Co. v. Cass. County, 9 N. D. 555, 84 N. W. 477. It therefore remains only to determine whether the pleadings and findings will sustain the judgment.

The action was brought upon an order issued by the township board of the town of Norton to the Fleming Manufacturing Company, as evidence of a portion of the purchase price of a road grader purchased by said board, which order is as follows:

"Treasurer of the town of Norton, Walsh county, state of North Dakota: Pay to Fleming Manufacturing Company or order, the

sum of one hundred dollars out of any moneys in the treasury not otherwise appropriated, being due Jan. 1st, 1901, without interest. No. 18,646. J. H. Langton, Chairman of Supervisors. Counter-signed, H. J. Axtel, Clerk."

The complaint alleges the due and authorized execution of the order, and sets it forth in full; its due assignment to the plaintiff; its due presentment to the township treasurer for payment; the refusal to pay and a demand for judgment for the amount of money due thereon, with costs.

The answer contains (1) a general denial; (2) that the order was issued without the alleged essential prerequisite to its issue of a petition of a majority of the freeholders of the township to the chairman of the township board praying that he contract for or purchase the machinery desired upon credit or otherwise. Other defenses are alleged, but become immaterial, as the evidence cannot be reviewed.

Findings of fact were made by the trial court to the effect that all the allegations of the complaint are true; that the township board purchased the grader described in the complaint, and issued the order set forth in the complaint for a part of its purchase price; that the amount of the purchase price was duly audited by said board at a regularly called meeting thereof; that the plaintiff is the owner of said order; and that the same was duly presented for payment, and payment refused. As conclusions of law the court found that the purchase of the grader was made under legal authority regularly exercised, and that the plaintiff is entitled to the relief demanded in the complaint.

The appeal is from the judgment adjudging the recovery of the amount of the order with interest and costs. The appellant's principal contention is that the township board had no authority under the statute to purchase the grader. The statute under which it is claimed that the township board acted is section 1115a, Rev. Codes 1899, which reads as follows: "The township board of any township is authorized to purchase for the use of the township, upon credit or otherwise, any tools, road machine or road grader, or either of them, or one or more of either of them for the use of the township, or the use of the overseer of the districts therein, as in this article provided. Such implements when purchased, shall be paid for in not to exceed five annual payments out of the highway tax of the township, according to the contract therefor, and the chairman of the township board shall issue orders for the payment of the

same, and such orders shall be attested by and registered with the township clerk, and the township clerk shall certify to the supervisors of such township, at the time of assessing the highway tax for such township, the sum necessary to pay such orders, and this sum shall be added to the other taxes to be raised for highway purposes, and when collected shall be applied to the payment of such orders and to no other purpose until all such orders are paid. The township board shall have the custody and control of all implements so purchased." The contention that this section does not authorize the purchase of a grader by a township board cannot be upheld. Its language is explicit that the board is authorized to do so. This section and section 1115b were evidently enacted to meet different conditions or exigencies existing in townships. Section 1115a vests the board with discretionary power to purchase road machinery upon its own motion. The board might deem it unnecessary to purchase any road machinery when a majority of the freeholders deemed such purchase necessary. In such case the chairman of the board "shall, upon being petitioned in writing by a majority of the freeholders of the town, contract for and purchase * * * a road machine," etc., as provided for by said section 1115b. Construing the two sections together, it is clear that section 1115a confers unqualified authority upon the board to purchase road machines, and that section 1115b confers upon the freeholders the right to require the chairman of the board alone to purchase such machines for the use of the township by a proper petition in writing.

The appellant further contends that the township is not liable in this action, as the plaintiff has sued the township as liable generally upon the order, and insists that the order is not binding upon the township as a general liability, but that the township is liable only after the taxes for the payment of the machine have been levied pursuant to section 1115a; and further insists that the order should have been drawn upon the special fund to be raised from taxation, and, not being so drawn, that it is void. We cannot agree to this contention as a matter of law. Section 1115a is a general provision governing the purchase of road machinery by township boards. It provides for the purchase of machinery "on credit or otherwise." This language necessarily indicates that purchases on credit and taxation after the purchase are not the only mode of securing such machinery. If so, the word "otherwise" becomes entirely meaningless, and of no force. If not purchased on

credit, the provision that it should be paid out of special taxes to be raised has no application, as special taxation would be unnecessary. To give effect to all the words of the section, it must be held to authorize purchases not to be paid for out of special taxes, but out of the general fund. There is nothing in the findings nor in the pleadings to show that there would be no money in the general fund that could be legally applied to the payment of the order in suit when it became due. Such money might have been provided for by the action of the township taken in contemplation of purchasing a road grader, or through some other source. It is clear that section 1115a does not provide for payment for road machines exclusively by taxation.

There are other assignments of error, but as they involve an examination of the evidence they cannot be considered for the reason above stated.

The judgment as entered includes interest at 8 per cent from the date of the order. This was error. Legal interest from January 1, 1901, only is chargeable. The judgment is modified to that extent, and, as thus modified, will be affirmed, and it is so ordered. All concur.