M. T. COFFLAND and J. E. Coffland, Copartners Under the Firm Name and Style of Coffland Brothers, Appellants, v. DAVID NAFTALIN and William Piper. WILLIAM PIPER and George C. Hoenck, Respondents.

(226 N. W. 627.)

Opinion filed August 12, 1929.

*J. E. Hendrickson* (*C. G. Dosland* of counsel), for appellants.
*W. J. Clapp* and *Shure & Murphy,* for respondents.

BURKE, Ch. J. This is an action in equity to foreclose a real estate mortgage.

There was judgment for the defendants, and the plaintiffs' notice of appeal therefrom, is as follows, to wit:

"Please take notice, that the above named plaintiff and appellant, M. T. Coffland, and J. E. Coffland, copartners under the firm name and style of Coffland Brothers appeal to the Supreme Court of the

State of North Dakota from the judgment, of the said district court entered herein on the 27th day of November 1928, that the said appeal is taken from said judgment and the whole thereof, and that hereto annexed and herewith serve upon you are the plaintiff's specifications of error."

In the case of Lunde v. Irish, 50 N. D. 316, 195 N. W. 825, this court said:

"This action was one properly triable, and it was tried, under § 7846, Comp. Laws 1913, as amended by chapter 8, Laws 1919. That statute provides: 'A party desiring to appeal from a judgment in any such action, shall cause a statement of the case to be settled within the time and in the manner prescribed by article 8 of chapter 11 of the Compiled Laws of North Dakota for the year 1913, *and shall specify therein the questions of fact that he desires the supreme court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court.* Only such evidence as relates to the questions of fact to be reviewed shall be embodied in this statement. But if the appellants, shall specify in the statement that he desires to review the entire case, all the evidence and proceedings shall be embodied in the statement.'

"In this case the appellants have not demanded a trial anew of the entire case, nor have they demanded a retrial of any specified question or questions of fact. Hence, under the statute, as interpreted by several decisions, this court will not review the evidence, but following the language of the statute will deem all questions of fact as embodied in the findings of the trial court 'to have been properly decided by the trial court.' State ex rel. McClory v. McGruer, 9 N. D. 566, 84 N. W. 363; . . . Bank of Park River v. Norton, 14 N. D. 143, 104 N. W. 525. It therefore remains only to determine whether the pleadings and findings will sustain the judgment (Bank of Park River v. Norton, supra)."

In the case at bar, appellants have not demanded a trial anew of the entire case, nor a retrial of any specific questions of fact. In the case of Lunde v. Irish, supra, the court said:

"The principal and, we might say, the sole contention of the appellants, is that the evidence is insufficient to sustain the findings; but,

as already indicated on this appeal, the findings must be taken to be true."

In the case at bar, the specifications of error amount to the same thing, that is, that the evidence is not sufficient to sustain the findings, hence, since the facts to be reviewed are not specified and are deemed to have been properly decided by the trial court, we can only consider the judgment roll in determining whether the findings of fact as found by the trial judge sustain the judgment. We have carefully examined the pleadings of all the parties, together with the findings of the trial judge, and the judgment entered thereon, and such findings of fact as made by the trial judge cover and fully sustain the judgment, and the judgment is affirmed.

CHRISTIANSON, BURR, NUESSLE, and BIRDZELL, JJ., concur.