[File No. 7209]

ARNE BELAKJON, Plaintiff, v. ANNA M. HILSTAD, HENRY O. OLSON, ALBERT E. OLSON, GENA C. HOGENSON, KLARA E. MIDSTOKKE, and all other persons unknown claiming any estate or interest in or lien or incumbrance upon the property described in the complaint, whether as the heirs, devisees or creditors of Gilbert Olson, deceased, or otherwise, Respondents, and BOWMAN COUNTY, NORTH DAKOTA, a public corporation, interpleaded defendant and appellant.

(48 NW2d 747)

Opinion filed June 18, 1951.   Rehearing denied July 20, 1951.

*M. S. Byrne,* for appellant.

*M. W. Duffy,* for respondents.

NUESSLE, C. This appeal is an aftermath of Belakjon v. Hilstad, 76 ND 298, 35 NW2d 637.

Restating the facts briefly: Gilbert Olson owned a quarter section of land in Bowman County. He failed to pay the taxes thereon for the year 1930 and subsequent years. In December, 1931, the land was sold to Bowman County at tax sale for the taxes of 1930. In June, 1938, there having been no redemption from this sale, a tax deed was issued to the county. In December, 1939, Iver Johnson purchased the land from Bowman County, paying therefor $243.58, the amount of the taxes, penalties, and interest for the years 1930 to 1938, both inclusive, and went into possession.

In April, 1946, Johnson, for a consideration of $1200.00, conveyed the land by quitclaim deed to the plaintiff, Belakjon, who, in July, brought action to quiet title, naming as defendants the heirs of Gilbert Olson, then deceased. The defendants, answering the complaint, challenged the validity of the tax deed, and asking affirmative relief, demanded judgment quieting title in their favor and for the value of the use and occupation of the premises for the year 1938 and thereafter, and for the value of a building carried off and disposed of by Bowman County. The plaintiff replied, setting out the facts on which he predicated his claim of title and reiterating his prayer for relief. He also moved that the defendants be required to make a deposit with the clerk of court pursuant to Section 57–4510, 1949 Supp 1943 NDRC, providing: "Whenever any action at law or in equity. is brought to test the validity of any deed issued and delivered by the county to the purchaser of lands acquired through tax

deed proceedings, the court shall not proceed with the trial of such action until the party assailing the validity of such deed, within the time required by the court, shall deposit with the clerk thereof for the benefit of the county should the deed be held invalid, the amount of all delinquent and unpaid taxes on said property, including penalty and interest, plus any taxes paid thereon by the purchaser from the county. Should said action be determined adversely to the purchaser from the county it shall repay to him any moneys received by the county on said purchase." The court granted the motion and a deposit of $672.26 was thereupon made.

The case was tried to the court. The court made and signed findings of fact, conclusions of law, and order for judgment determining the invalidity of the tax deed and that the defendants were entitled to have the title quieted in them as against the plaintiff. The order further provided that the clerk of court pay to Belakjon from the money theretofore deposited with him by the defendants the sum of $243.58, the amount paid by Johnson as the purchase price of the premises, less the costs and disbursements in the action taxed and allowed at the sum of $30.25, and that the remainder of the deposit thus made be repaid to the defendants. Judgment was entered accordingly.

The defendants thereupon perfected an appeal to this court. We held—see 76 ND 298, 35 NW2d 637—that the judgment quieting title in the defendants should be affirmed but that the case be "remanded to the district court for further proceedings consistent herewith respecting a determination of the value of the use of the premises and the disposition of the deposit made by the defendants." In that behalf we further said: "The trial court felt that the evidence was not sufficient to permit him to determine the value of the use of the premises. In this he was entirely justified. The plaintiff argues that the trial court found there was no liability on the part of the plaintiff for use of the premises. We do not so understand the court's findings, but in any event we are satisfied that the plaintiff is liable for the use of the premises and the question of the amount of liability should be determined in this action rather than in a subsequent suit. We, therefore, remand the case to the district court for

further proceedings in order that evidence may be taken with respect to the value of the use of the premises from the time the plaintiff went into possession until April 14, 1948 and a determination thereof made by the trial court.

". . . The trial court properly required this payment (made on motion of the plaintiff) pursuant to the statute above quoted. (Section 57–4510, 1949 Supp 1943 NDRC.) The purpose of the statute is to require one who challenges a tax deed issued by the county to require the challenger to tender, by making a deposit with the clerk of court, all taxes on the property due the county, plus taxes paid by subsequent purchasers. The deposit is primarily made for the benefit of the county for the statute requires the county to repay the purchaser money received by it from the purchaser in event the title fails.

"In this instance the county is not a party to the suit. The deposit was made for the benefit of the county should the tax deed be held invalid. The tax deed was held invalid. Thus the county presumptively acquired a beneficial interest. in the deposit. It therefore appears that the court may not dispose of the deposit in the absence of a release thereof by the county, without requiring the county to be made a party to the proceedings. To do so was error. The county should be made a party to the case in order that its beneficial interest, if any, in the deposit may be determined and disposition made of the deposit as the equities require."

In accord, with the holding as above stated, the case was remanded. The defendants then petitioned that Iver Johnson and the County of Bowman be interpleaded, and disclaiming any other personal liability against them, prayed. that they be required to account for the value of the use and occupation of said premises while in their respective possessions, and for the amount of the damage for waste committed; and that the amount so found be set off against the taxes levied and assessed against the premises, together with penalties and interest thereon for the years 1930 to 1945, both inclusive.

The petition was granted, and pursuant to the order of the court, the interpleaded defendants were served with copies of the petition, the order, and the answer and counterclaim of

the defendants in the principal action. Johnson, replying, denied any liability on account of the use and occupation of the premises and, in addition, pleaded the six year statute of limitations, Section 28–0116, 1943 NDRC. Bowman County also denied any liability on account of the use and occupation of the premises or for waste committed while in the county's possession, and further pleaded the six year statute of limitations.

The matter came on for trial on the remand. Plaintiff demanded that an additional deposit be made by the defendants, and on order of the court, such deposit was made. Testimony was taken and the court made findings of fact and conclusions of law to the effect that the value of the use and occupation of the property while in the possession of the plaintiff during the years 1946 and 1947 was $181.45, and the amount of taxes paid by the plaintiff for the year 1946 was $17.62; that the amount of taxes thus paid be set off against the value of the use and occupation so found, and ordered that the defendants have judgment against the plaintiff for the difference, or $163.83, plus $30.25 costs in the original action, and $47.00, their costs on the remand, making a total judgment of $241.08; that the interpleaded defendant, Johnson, made no claim to the deposit by the defendants or against Bowman County for repayment to him; that the County of Bowman made no demand for any part of the deposit made by the defendants; and that the full amount thereof should be returned to the defendants; that "The defendants, not having prevailed against any of the interpleaded parties, the defendants are required to pay their costs; such costs to be taxed by the Clerk of this Court." Judgment was entered accordingly. Thereupon the interpleaded defendant, Bowman County, perfected the instant appeal "from that part of the Judgment ordering the disposition of the deposit . . . made by the defendants by returning the full amount of such deposit to the defendants."

When the appeal came on to be heard the original defendants moved that it be dismissed on the grounds that the statement of the case as settled was defective in that the appellant had failed to include in it a demand for a trial de novo; that the appellant had failed to join the interpleaded defendant, Johnson, and

the plaintiff, Belakjon, in the appeal; that the appellant, having prevailed against the defendants on their counterclaim and having been awarded its costs, acquiesced in the judgment by accepting payment of the costs and satisfying the judgment therefor.

The motion to dismiss must be denied. While the failure of the appellant, Bowman County, to include in the proposed statement of the case a demand for a trial de novo was subject to challenge, this defect was not fatal to the appeal. In such case the evidence is not made a part of the judgment roll, and accordingly, cannot be considered by the appellate court. The findings as made by the trial court must be accepted as correct, and only the judgment roll proper and errors assigned thereon may be considered. Retterath v. Retterath, 76 ND 583, 38 NW2d 409, and cases cited.

Nor was there any necessity that either the plaintiff or Johnson be joined in the appeal. The appeal was from only that part of the judgment providing that the deposit made by the defendants be returned in full to them. Neither the plaintiff nor Johnson was interested in the disposition of the deposit. Johnson made no claim against Bowman County for any payments made by him, either for the purchase of the deed from the county or for subsequent taxes paid. Such claim as he might have had was assigned to the plaintiff when the plaintiff bought the land from him and received his quitclaim deed. The deposit was made for the benefit of the county in case the county should be required to make payment to plaintiff of the purchase price of the land received from Johnson and for taxes subsequently paid. This claim was required to be paid by Bowman County regardless of whether or not the deposit was available to the county. Sections 57-4510, 1949 Supp 1943 NDRC; 57-4512, 1943 NDRC; Paine v. Dickey County, 8 ND 581, 80 NW 770; State Finance Co. v. Beck et al. 15 ND 374, 109 NW 357; Fenton v. The Minnesota Title Ins. & Trust Co. 15 ND 365, 109 NW 363, 125 Am St Rep 599; Powers v. First National Bank, 15 ND 466, 109 NW 361; Baeverstad v. Reynolds, 73 ND 603, 18 NW2d 20.

The contention that the appeal should be dismissed for the reason that the county had acquiesced in the judgment by ac-

ceptance of the costs adjudged to it is also without merit. This judgment was divisible—for costs on account of the holding in favor of the county on the named defendants' counterclaim for the value of the use and occupation of the premises by the county and for waste committed; and for a return to the defendants of the deposit made by them. The parts were separate and independent. Whether or not the judgment for costs was satisfied could make no difference in the disposition of the appeal. The appeal from that part of the judgment requiring the deposit to be repaid in full to the defendants was not inconsistent with or in any way affected by the satisfaction of the judgment for costs. See Tyler v. Shea, 4 ND 377, 61 NW 468, 50 Am St Rep 660; State ex rel. Wenzel v. Langer, 64 ND 744, 256 NW 194; Tuttle v. Tuttle, 19 ND 748, 124 NW 429.

It follows that the only matter for determination at this time is as to whether the trial court erred in adjudging that the deposit made with the clerk of court should be repaid in full to the defendants, and in making this determination we are limited to a consideration of the judgment roll. Viewing the judgment roll, how then stands the case?

The county acquired its tax deed in June, 1938. It sold the land to Johnson in December, 1939. The purchase price was $243.58, the amount of the taxes, penalties, and interest for the years 1930 to 1938, both inclusive. Johnson, in April, 1946, sold the land to Belakjon, the plaintiff. He gave his quitclaim deed therefor, thus assigning such right as he had against the county in case the county's title were to be held bad. Belakjon at once brought an action to quiet title. The validity of the county's title was challenged. The challenge was sustained and its tax deed was held bad. On appeal, the judgment was affirmed. Bowman County was not a party to this action. Nevertheless, as to the county, the judgment was prima facie valid and conclusive, at least until challenged and shown to have been illegally or collusively obtained. Paine v. Dickey County, supra. See also State Finance Co. v. Beck et al., supra. Thus Belakjon became entitled to a return to him of the purchase price and subsequent taxes paid by Johnson subject to any credit on account of the value of the use and occupation of the premises while Johnson

was in possession thereof. And there is no finding by the trial court as to the value of the use and occupation of the premises while Johnson was in possession, or as to the amount paid by him for subsequent taxes.

The deposit was made for the benefit of the county. The plaintiff was not entitled to any part of it. His remedy was against the county. Accordingly, the court had no authority to order any part of the deposit to be paid to Belakjon. When the case was remanded for the taking of further testimony to ascertain the value of the use and occupation of the premises by him, this inquiry was confined to the years 1946 and 1947 when he was in possession thereof. The trial court found this value to be as heretofore stated. We must accept this finding as correct. Accordingly, as a matter of law, Belakjon is entitled to recover from the county the sum of $243.58, that being the amount paid by Johnson to the county for the land, and the amount of the taxes, penalties, and interest for the years 1930 to 1938, both inclusive. And by the same token, the county is entitled to have out of the deposit made by the defendants, the amount thus required to be paid. Otherwise, the defendants would escape the payment of these taxes, a consequence the statute, Section 57–4510, was intended to prevent.

The trial court was of the opinion that, there having been no formal demand on the part of the county for judgment in the amount of the taxes, penalties, and interest for the years 1930 to 1938, both inclusive, it was not entitled to judgment therefor. We are of the opinion, however, that in this respect the trial court was in error. On the face of the record, judgment should have been so awarded. Accordingly, that part of the judgment from which the county appealed must be reversed and judgment ordered that the amount of said taxes, penalties, and interest be deducted from the deposit and paid to the county and the remainder thereof returned to the defendants.

The case is remanded to the district court for disposition in accordance with this opinion.

Per Curiam. The foregoing opinion prepared by Honorable

W. L. Nuessle, a retired judge and duly appointed and qualified commissioner of the supreme court, is adopted and made the opinion and decision of the court.

MORRIS, C.J., and CHRISTIANSON, GRIMSON and BURKE, JJ., concur.