[File No. 7282]

GEORGE COPPIN AND ELLEN N. COPPIN, husband and
wife, Appellants v. ARNOLD A. PANKOW AND MAR-
JORY PANKOW, husband and wife, Respondents.

(54 NW2d 877)

Opinion filed Sept. 26, 1952

*Clifford Schneller,* for appellants.

*Forbes & Forbes,* for respondent.

SATHRE, J. The plaintiffs bring this action against the defendants for damages for trespassing and to compel them to remove a garage and driveway alleged to extend partly on plaintiffs' property.

· The complaint alleges that the defendants are the owners of lot nine in block ten, Parkside Addition to the city of Wahpeton, Richland County, North Dakota and that plaintiffs are the owners of lot eight in block ten, Parkside Addition to the

city of Wahpeton, Richland County, North Dakota; that the defendants constructed and built partially on plaintiffs' said lot a private garage and driveway and have taken and used and will continue to take and use a part of plaintiffs' lot for the use of a private garage for their own use and benefit; that plaintiffs have repeatedly demanded that the defendants remove said private garage and driveway from the property of the plaintiffs, but that the defendants have failed and refused to remove said garage and driveway and that plaintiffs have been damaged thereby in the sum of two hundred dollars. Plaintiffs then demand judgment that the defendants be required to move their garage and driveway from plaintiffs' property and for damages in the sum of two hundred dollars.

Defendants answered by general denial except that they admit they are the owners of lot nine as alleged in the complaint. By further answer they allege that George Coppin, one of the plaintiffs, determined the property line and designated the place where defendants' garage and driveway should be erected and that said George Coppin assisted in erecting said garage and driveway at the place so designated by said plaintiff, and that plaintiffs are estopped from now contending that said garage and driveway are on plaintiffs' property. The answer further alleges that plaintiffs are barred by their own laches from maintaining this action.

The action was tried to the court without a jury. The court found for the defendants and dismissed the action and the plaintiffs appeal. A trial de novo is demanded in the notice of appeal; but no such demand is made in the settled statement of the case, and no questions of fact are specified in the specifications of error or in the statement of the case upon which a review is desired.

Section 28-2732 NDRC 1943 provides that "A party desiring to appeal from any action (tried by the court without a jury) shall cause a statement of the case to be settled within the time and in the manner prescribed by chapter 18 of this title, and shall specify therein the questions of fact that he desires the supreme court to review, and all questions of fact not so specified

shall be deemed on appeal to have been properly decided by the trial court."

This section was construed by this court in the recent case of Retterath v. Retterath, 76 ND 583, 38 NW2d, 409. Referring to said statute the court said: "This requirement is not an idle formality in the preparation of an appeal. Its purpose is to limit appeals to questions that appear doubtful and to eliminate all matters unessential to the consideration of such doubtful questions."

In the case of State ex rel. McClory v. McGruer, 9 ND 566, 84 NW 363, the statement of the case contained no specific questions of fact for review or demand for trial de novo. In that case the court said:

"Under the language of said section (now Section 28-2732) it is clear that upon this record this court is without power either to try anew the entire case, or any particular question of fact in the case. The statute is further explicit to the point that, in the absence of specifications, and of any demand of a retrial in this court, this court is compelled to hold that all questions of fact decided below were properly decided."

In the case of Security Imp. Co. v. Cass County, 9 ND 553, 84 NW 477 this court said:

"A statement of the case embracing all of the evidence offered at the trial was settled and allowed, and the same has been incorporated with the judgment roll and transmitted to this court. The statement omits to include any demand of a retrial in this court either of the entire case or any specified fact in the case. The procedure which was had in the action in the court below was necessarily governed by section 5630 Rev. Codes, 1899 (New Section 28-2732). But the party appealing had under said section an election, and could determine for himself whether the entire case or some fact therein should be retried in this court, or, on the other hand, whether this court should be precluded from retrying any question of fact in the case. By not demanding a retrial of any fact in this court the appellant has under the express provisions of said section, as well as under the repeated decisions of this court, deprived this court of all

power or right to examine the evidence or retry any question of fact in the case."

A statement of the case. is in the record embracing all of the testimony and proceedings had at the trial. The statement of the case contains no specifications of any fact or facts which plaintiffs desire to have reviewed, nor does it contain a demand for a trial de novo. It follows, therefore, that under the statute, as interpreted by several decisions, that this court cannot review the evidence, but, following the language of the statute, will deem all questions of fact as embodied in the findings of the trial court "to have been properly decided by the trial court." This leaves for consideration only the judgment roll, and having examined the same we find that it sustains the trial court's dismissal of plaintiffs' cause of action.

We have, however, in the interest of justice to the parties, carefully read and considered the evidence, and we are agreed that it supports the findings of the trial court.

The judgment is affirmed.

MORRIS, C. J., and GRIMSON, BURKE and CHRISTIANSON, JJ., concur.