Henry CORNELIUS, Kenneth Lewis, and Wallace Lewis, Plaintiffs and Appellants,

v.

The CITY OF FARGO, a municipality organized and existing under the laws of North Dakota, and the Board of City Commissioners of the City of Fargo, North Dakota, Defendants and Respondents.

No. 7519.

Supreme Court of North Dakota.

Dec. 5, 1955.

Rehearing Denied Jan. 17, 1956.

George E. Duis, Fargo, for appellants.

Conmy & Conmy, Fargo, for respondents.

GRIMSON, Justice.

This is an action brought to vacate certain annexation proceedings by the defendant, City of Fargo, as invalid and void, and asking for an order enjoining the defendant from proceeding further under said annexation proceedings. The district court found for the defendant and dismissed the action. Plaintiffs appeal.

This was an action properly triable to the court. There was no demand for a trial de novo. Under Section 28–2732, NDRC 1943, a party desiring to appeal from a judgment in any case tried to the court shall specify in the settled statement of the case "the questions of fact that he desires the supreme court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court."

In the case of Retterath v. Retterath, 76 N.D. 583, 38 N.W.2d 409, this court held:

"In appeals to this court under Section 28–2732, NDRC 1943, the evidence cannot be reviewed unless the appellant demands a trial anew of all the issues or of some particular fact and such demand is included in the statement of the case."

The appellant filed only two specifications of error and in only one of them is there a reference to any fact that he seems to question. The specification reads as follows:

"That the court erred in finding the said annexation to be valid and legal and in accordance with the laws of the State of North Dakota, when the Defendants failed to comply with 40–5107 NDRC 1943, as amended, in that the Defendants' resolution to annex did not state properly the number of property owners in the areas subject to annexation, as required by said Statute authorizing the Defendant City to annex those certain territories within its city limits, as described in the Defendants' resolution to annex, Defendants' exhibit A, herein."

We take it that in this specification of error the reference of plaintiffs and appellants to the number of property owners in the territory to be annexed as not being properly stated in the original resolution, is a statement of fact which he desires this court to review. Section 40–5107, NDRC 1953 Suppl. provides:

" * * * Before said resolution is passed the governing body shall compute the number of property owners and the assessed valuation of the property in the territory proposed to be annexed. The resolution shall describe particularly the land proposed to be incorporated within the city limits, setting forth the boundaries thereof and describing the land platted by blocks and lots, and shall state the number of property owners therein."

On Feb. 16, 1954, the Board of City Commissioners of the City of Fargo passed a

resolution "extending the corporate limits of the City of Fargo and annexing to the City of Fargo a tract of land located in the East Half of Section 2, Township 139, Range 49 West of the 5th. P. M. in Cass County, North Dakota." Said tract of land was fully described in the resolution together with the facts required by Section 40–5107, NDRC 1953 Suppl. The number of property owners in the tract was placed at 282. This resolution was duly published in the Fargo Forum for four weeks as provided by Section 40–5108, NDRC 1953 Suppl. Within ten days after the last publication a written protest of the proposed extension was filed, signed by 218 persons, being more than one-fourth of the property owners stated in the resolution. Thereupon the city noticed a hearing for Apr. 19, 1954 upon said protesting petition, to determine whether the protest was signed by more than three-fourths of the property owners in which event the Board could not proceed with the annexation. Sec. 40–5108, NDRC 1953 Suppl. At said hearing 31 persons appeared in support of the annexation and none against. Twenty-four persons duly filed withdrawals of their signatures to the protesting petition. Gallaher v. City of Fargo, N.D., 64 N.W.2d 444. Four of said persons were found not to have signed the original protest petitions or were not owners of record, leaving 20 to be withdrawn from the original protest petition. There then remained the names of only 198 on those petitions which was less than three-fourths of the 282 required to divest the City Board of power to annex.

The claim is made that 282 was not the correct number of property owners and that, therefore, the whole proceedings are void. The determination of whether or not the correct number of property owners was stated in the resolution depends on who is included in the term "property owner." The statute uses only the broad term, "property owner." Does that term include all persons having an interest in a lot or plot of ground in joint tenancy, co-tenancy or tenancy in common,

or only one person as the owner of each lot? The testimony shows that in the instant case the number of 282 property owners was arrived at on the theory that only one owner could be counted even though the lot was held in joint tenancy, co-tenancy or tenancy in common. A property owner was counted as often as the number of lots he owned. The protests, numbered only 198 which was less than three-fourths. On a checkup, however, it was found that when a property owner was counted only once irrespective of the number of lots he owned there were only 254 owners in the area involved, and counting those who protested on the same basis there were found to be only 113 owners protesting which was still less than three-fourths of the number of owners on such theory of counting them. It was further shown that if the persons owning lots in joint tenancy, co-tenancy or tenancy in common were all counted as owners of such lots the total number of owners would be 378 and counting those who protested on the same theory their number would be 178 which is still less than three-fourths of the number of owners on such theory of counting them. Some other theories on how many should be included in the term "property owner" were shown and Mr. Comrie, the assessor, presented an analysis showing that on whatever theory the owners were counted those who protested were still less than three-fourths of the property owners when the same theory was used in counting both owners and those protesting. Even if the number of 282 was not arrived at on the proper theory of ownership it would not make any difference to the defendants. They had less than three-fourths of the total number of property owners on any theory proposed.

█ It is clear that the intent of the legislature in requiring the number of property owners to be included in the resolution was to give the property owners of the territory involved a chance to make a protest and if three-fourths of the property owners protested the annexation would not take

effect. That intent was carried out in this proceeding.

■ Substantial compliance with the statute on annexation has been held sufficient. 62 C.J.S., Municipal Corporations, § 51, p. 149. McQuillin on Municipal Corporations, Sec. 7.14, p. 290, lays down the rule that statutes providing for the method of extending corporate boundaries "are to be construed liberally in favor of the public."

In Red River Valley Brick Co. v. City of Grand Forks, 27 N.D. 8, 36, 145 N.W. 725, 731, which involved annexation proceedings to the City of Grand Forks, the court cites with approval from State ex rel. Minehan v. Meyers, 19 N.D. 804, 124 N.W. 701 as follows:

" 'It must be borne in mind that the proceedings for the division of a county and the organization of new counties are strictly statutory, and no intendment can be indulged in their favor. It is no doubt true that the statute must receive a liberal construction to the end that the legislative intent may be given effect * * *.' "

■ The evidence concerning the number of property owners in the original resolution shows sufficient compliance with the statute. The proceedings are not void on that account.

The appellant's other specification of error reads as follows:

"The Court erred in finding and adjudging that the annexation by the City of Fargo, North Dakota, of certain lands generally known as the College Second Addition, the Golden Ridge Addition, and Teigen's Second Sub-division of Cass County, North Dakota, as are more particularly described in the judgment, to be due and regular and in accordance with the laws of the State of North Dakota, and valid and legal in all respects."

■■ Under that specification we cannot review any of the evidence but must consider all questions of fact to have been properly decided by the trial court since there is no demand for a trial de novo. We can only determine whether under the issue formed by the pleadings the findings of the trial court will sustain the judgment.

In Lunde v. Irish, 50 N.D. 312, 316, 195 N.W. 825, 827, this court says:

"In this case the appellants have not demanded a trial anew of the entire case, nor have they demanded a retrial of any specified question or questions of fact. Hence under the statute, as interpreted by several decisions, this court will not review the evidence, but following the language of the statute will deem all questions of fact as embodied in the findings of the trial court 'to have been properly decided by the trial court.' State [ex rel. McClory] v. McGruer, 9 N.D. 566, 84 N.W. 363; Security Improvement Co. v. Cass County, 9 N.D. [553] 555, 84 N.W. 477; Bank [of Park River] v. Town of Norton, 14 N.D. 143, 104 N.W. 525. It therefore remains only to determine whether the pleadings and findings will sustain the judgment. Bank [of Park River] v. Town of Norton, supra." See also Coffland v. Naftalin, 58 N.D. 386, 226 N.W. 627.

The court made the following findings of fact:

"2. That the Board of City Commissioners correctly found that less than three-fourths of the propery owners had protested the annexation.

"3. That all the proceedings taken by the governing body, the board of city commissioners, of the City of Fargo, in making the annexation, were due and regular and in accordance with the statutes of the State of North Dakota."

The only issue raised by the pleadings is the validity of the procedure for the annexation. The above findings determine that issue and fully support the judgment

of the district court that the annexation of the territory described was valid in all respects.

The judgment of the district court is affirmed.

BURKE, C. J., and SATHRE, JOHNSON and MORRIS, JJ., concur.