E. E. SWANSTON, Plaintiff and Respondent,

v.

SWANSTON EQUIPMENT COMPANY, a corporation, Defendant and Appellant.

No. 7472.

Supreme Court of North Dakota.

Jan. 17, 1956.

Lanier, Lanier & Knox, Fargo, for appellant.

J. K. Murray, Bismarck, for respondent.

BURKE, Chief Justice.

By this action plaintiff sought to recover from the defendant wages and expenses for the month of January 1953, in the sum of $448.50. The defendant answered denying that it was indebted to the plaintiff in any amount and by way of counterclaim alleged that defendant was indebted to it in the sum of $12,500. At the trial the defendant admitted that plaintiff had been employed by it during the month of January 1953, and had not been paid his salary and expenses for that month. It was defendant's contention, however, that plaintiff's claim in this action had been released and settled by a compromise agreement made by the parties in a prior action. Upon the counterclaim defendant limited its claim to the value of a 1951 Nash automobile which it claimed had been converted by the plaintiff. The case was tried to the court without a jury, and judgment was entered in favor of the plaintiff for the full amount of his claim and for the dismissal of defendant's counterclaim. The defendant has appealed from the judgment. No demand for trial de novo, nor specifications of any facts which appellant desired this court to review were incorporated into the settled statement of the case as required by Section 28–2732, NDRC 1943. This section provides:

"A party desiring to appeal from a judgment in any such action (one tried to the court without a jury) shall cause a statement of the case to be settled within the time and in the manner prescribed by chapter 18 of this title, and shall specify therein the questions of fact that he desires the supreme court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court. Only such evidence as relates to the questions of fact to be reviewed shall be embodied in this statement. If the appellant shall specify in the statement that he desires to review the entire case, all the evidence and proceedings shall be embodied in the statement."

Ever since 1899, when the case of Ricks v. Bergsvendsen was decided this court has consistently held that upon an appeal in a case tried to the court without a jury, unless a demand for a trial anew, or questions of fact which appellant desires the supreme court to review, are specified in the statement of the case, the review by the supreme court is limited to a consideration and determination of whether the findings in the case sustain the judgment. This holding is predicated chiefly upon the statutory declaration that "all questions of fact not so specified shall be deemed upon appeal to have been properly decided by the trial court." Ricks v. Bergsvendsen, 8 N.D. 578, 80 N.W. 768; Erickson v. Citizens' Nat. Bank, 9 N.D. 81, 81 N.W. 46; Hayes v. Taylor, 9 N.D. 92, 81 N.W. 49; Mooney v. Donovan, 9 N.D. 93, 81 N.W. 50; Douglas v. Glazier, 9 N.D. 615, 84 N.W. 552; Teinen v. Lally, 10 N.D. 153, 86 N.W. 356; Lunde v. Irish, 50 N.D. 312, 195 N.W. 825; Coffiand v. Naftalin, 58 N.D. 386, 226 N.W. 627; Retterath v. Ret-

terath, 76 N.D. 583, 38 N.W.2d 409; Belakjon v. Hilstad, 78 N.D. 194, 48 N.W.2d 747; Coppin v. Pankow, 79 N.D. 157, 54 N.W.2d 877; Mevorah v. Goodman, N.D., 65 N.W.2d 278.

■ Under statutory direction and the decisions of this court it is clear that we may not consider the evidence in the case upon this appeal, but must consider all questions of fact correctly decided.

The only two specifications of error on this appeal challenged the trial court's findings upon the two controverted issues in the case. These findings read as follows:

"That in a prior action between the stockholders of said defendant corporation, the plaintiff and certain other stockholders sold their stock to other stockholders of said corporation; that said sale of said stock by the plaintiff and his group of stockholders did not in any shape, form or manner embrace or involve the payment, adjustment or compromise of the cause of action set forth in the complaint herein; that the automobile set forth in defendant's counterclaim at all times since its purchase was and is the property of the plaintiff and the defendant corporation at no time had any right, title or interest therein."

It is obvious that we may not consider the correctness of these findings, even in so far as they contain conclusions of law, without resort to the evidence and exhibits in the case. Since this evidence is not before us and the findings support the judgment, the judgment is affirmed.

MORRIS, SATHRE, JOHNSON, and GRIMSON, JJ., concur.