The PARK BOARD OF CITY OF WILLIS-
TON, North Dakota, Plaintiff and
Respondent,

v.

Fred SCHUMACHER, as the guardian of Ed-
ward Brugger, Incompetent, Fred Schu-
macher, Robert Laird, Charles Laird, Meta
O'Halloran, Louis Schumacher, Clara
Hutchinson, Edna Nelson, and Carl Schu-
macher, Carl Robert Wittmeier and Robert
S. Wittmeier, as the sole heirs, devisees,
and legatees of Virginia S. Wittmeier, de-
ceased, and all other persons unknown
claiming any estate or interest in or lien
or encumbrance upon the property describ-
ed in the Complaint, Defendants and Re-
spondents,

and

Robert S. Wittmeier, Defendant and
Appellant.

No. 7579.

Supreme Court of North Dakota.

July 2, 1956.

Dean Winkjer, Williston, for defendant
and appellant.

Walter O. Burk, Williston, for defendants
and respondents .Schumacher et al.

Bjella, Jestrab & Neff, Williston, for
plaintiff and respondent.

JOHNSON, Judge.

This is a statutory form of action to quiet
title brought by the plaintiff to determine
adverse claims to Block 10 of Wittmeier
Addition to the City of Williston, according
to the recorded plat thereof in the office of
the register of deeds, Williams County,
North Dakota, which block is sometimes
known as Riverside Park. Robert S. Witt-
meier interposed a separate answer and
counterclaim to the complaint alleging that
he was the sole heir at law of Virginia S.
Wittmeier and her husband, Carl A. Witt-
meier. He asserts that the land in con-
troversy was conveyed as a gift to the City
of Williston for use as a park and that it
was the intention of the donor that in the
event that the property should cease to be
used for that purpose it would revert to
the donor or to her heirs. This defendant
further states that the City of Williston has
executed an option to sell a portion of the
property in controversy in breach of the
conditions imposed by the donor and that a
resulting trust arises in favor of the donor
or her heirs.

The defendants, Fred Schumacher, Rob-
ert Laird, Charles Laird, Meta O'Halloran,

Louis Schumacher, Clara Hutchinson, Edna Nelson, and Carl Schumacher, interposed an amended answer. The allegations of their answer are similar to the answer interposed by Robert S. Wittmeier in his separate answer and counterclaim. However, they also seek to restrain and enjoin the City of Williston by its Park Board from disposing of the property.

The plaintiff by general denial replied to the amended separate answer and counterclaim of Robert S. Wittmeier.

Virginia S. Wittmeier conveyed the property involved in this action by warranty deed to the City of Williston, dated January 5, 1917. This deed did not contain any conditions or limitations. It purports to convey a fee simple estate. On August 11, 1952, the City of Williston conveyed the property by warranty deed to the Park Board of the City of Williston.

The trial court found for the plaintiff and judgment was entered quieting title to the property in the plaintiff.

The defendant, Robert S. Wittmeier, appealed from the judgment entered in favor of the plaintiff on February 15, 1955, and from the whole thereof, and in the notice of appeal "demands a trial de novo and a review of the entire case in the Supreme Court". The other answering defendants did not appeal from the judgment of the trial court.

A demand for a trial de novo was not made a part of the settled statement of the case. The appellant did not make or file any assignments or specifications of error. He merely states that this is "an appeal taken from the judgment of the trial court on a trial de novo".

The plaintiff and respondent contends that the review in this court is limited to errors appearing on the face of the record since no trial de novo was demanded in the statement of the case, Section 28–2732, NDRC 1943; that we may, therefore, consider only the judgment roll. We have examined the judgment roll and ascertained that no errors of law appear therein.

The trial court concluded as a matter of law, that the plaintiff, the Park Board of the City of Williston, was the absolute owner in fee simple of the property involved in this action.

In the recent case of Anderson v. Blixt, N.D., 72 N.W.2d 799, this court held that a demand for a trial anew in the notice of appeal to the supreme court is not sufficient. Such demand must be included in the statement of the case. Section 28–2732, NDRC 1943. In that case we cited the case of Retterath v. Retterath, 76 N.D. 583, 38 N.W.2d 409, in which it was held that under said section the evidence cannot be reviewed unless the appellant demands a trial anew of all the issues or some particular fact and such demand is included in the statement of the case.

In the case of Belakjon v. Hilstad, 78 N.D. 194, 48 N.W.2d 747, 748, this court held that:

"Where, on an appeal in a case tried to the court below without a jury, no demand for a trial de novo is embodied in the statement of the case, the supreme court is without power to retry any issue of fact. The findings made by the trial court must be accepted as correct and only the judgment roll proper and errors assigned thereon may be considered." See also Coppin v. Pankow, 79 N.D. 157, 54 N.W.2d 877; Cornelius v. City of Fargo, N.D., 74 N.W.2d 91.

No errors of law have been assigned or pointed out in the judgment roll.

Under the record in this case the failure of the appellant to include a demand for a trial de novo on all the issues or of some particular fact or facts in the statement of the case, or to make assignments and specifications of error, precludes us from reviewing the facts. Retterath v. Retterath, supra; Belakjon v. Hilstad, supra; Coppin

v. Pankow, supra; Cornelius v. City of Fargo, supra.

Since under the state of the record the findings of the trial court must be accepted as correct only the judgment roll proper and errors assigned thereon may be considered. No errors thereon having been assigned, there is really nothing before us in this case to review.

We have, however, read and considered the evidence and examined carefully the judgment roll and are agreed that it supports the judgment.

The judgment of the trial court is affirmed.

BURKE, C. J., and SATHRE, MORRIS, and GRIMSON, JJ., concur.