**Evelyn Rohde EVENSON, Plaintiff and Respondent,**

v.

**Martin A. EVENSON, Jr., Defendant and Appellant.**

**No. 7787.**

Supreme Court of North Dakota.

May 7, 1959.

Martin A. Evenson, Jr., in pro. per.

Shaft, Benson & Shaft, Grand Forks, for respondent.

SATHRE, Chief Justice.

This is an action for divorce brought by Evelyn Rohde Evenson against the defendant Martin A. Evenson. They were married in the City of Grand Forks on the 21st day of May, 1954 where they still reside. One child was born to them, Carmen Joy Evenson, born on January 16, 1955.

The complaint alleges that during the entire course of the married life of the parties, and particularly since the birth of their child, the defendant has been guilty of continuous cruel and inhuman treatment of the plaintiff in this, that the defendant has an extremely vicious and unpredictable temper, and repeatedly and continuously has gone into temper rages for little or no reason at all; that he has upon many occasions during the said periods struck said plaintiff, knocked her down and otherwise physically abused her, and that he has from time to time made threats of taking the child of the parties away from

the plaintiff, and in general has so conducted himself as to make life with him utterly unbearable and that it would endanger plaintiff's health to continue to live with defendant.

Judgment is demanded for an absolute divorce, for the exclusive custody and care of the minor child, Carmen Joy Evenson and that the defendant be required to return to the plaintiff an interest in certain partnership property which the plaintiff previously had given to the defendant.

The defendant answered admitting the marriage but denying all the allegations of cruelty in plaintiff's complaint, and as a separate defense alleged that the plaintiff has been guilty of willful desertion in that the said plaintiff had refused to have matrimonial intercourse with him for more than one year and ever since the 9th day of June 1956. Judgment is then demanded for dismissal of the action.

The trial court found in favor of the plaintiff and judgment was entered granting plaintiff an absolute divorce and awarding her the care and custody of the minor child Carmen Joy, subject to the right of reasonable visitation by the defendant. The defendant appealed from the judgment.

 In the instant case there is no settled statement of the case in the record. It follows therefore that this court cannot review the evidence and that the judgment roll alone can be considered on this appeal.

In the case of Brand v. Brand, N.D., 65 N.W.2d 457, we held where no settled statement of the case and no stipulation of facts are in the record that appeal must be deemed to have been taken upon the judgment roll. We quote from paragraph 1, of the Syllabus:

"Where on appeal to the Supreme Court there is no settled statement of the case and no stipulation of the facts, the appeal will be deemed to have been taken on the judgment roll, and

the findings of fact of the trial court must be taken to be true; the only question for determination on appeal is whether the trial court's conclusions of law are warranted by the findings of fact."

To the same effect see Coppin v. Pankow, 79 N.D. 157, 54 N.W.2d 877, and Cary v. Kautzman, 78 N.D. 875, 53 N.W.2d 99.

In the instant case the trial court found as a fact that the defendant was guilty of conduct constituting cruel and inhuman treatment and that the plaintiff was entitled to a decree of absolute divorce, and to the custody and care of their minor child Carmen Joy Evenson.

The trial court further found that the plaintiff, her father and mother and two of her sisters had formed a partnership doing business as the Jep Company. The plaintiff was the owner of a one-fifth interest in said partnership. Shortly after her marriage to the defendant the plaintiff transferred the one-half interest in her partnership share to the defendant. The trial court found that the interest thus conveyed to the defendant was worth approximately $4,400. The judgment required the defendant to re-transfer the interest thus conveyed to the plaintiff upon payment of $200 to the defendant, the interest thus re-conveyed to be applied towards support of plaintiff and her minor child. The evidence shows that payment of $200 was made to and accepted by the defendant.

 We are agreed that the trial court's findings adequately support the judgment in favor of the plaintiff.

The respondent made and filed a motion to dismiss the appeal on the following grounds: that appellant has failed to comply with Rules 8(B) and 8(D) of the Rules of Practice in the Supreme Court; and that the appellant has accepted payment of $200 by plaintiff as consideration for re-transfer to plaintiff of appellant's interest

in the partnership known as the Jep Co. as provided by the divorce judgment, and therefore he is not in position to challenge the judgment on this appeal.

Since we hold that the trial court's findings of fact are sufficient to support the conclusions of law and the judgment entered thereon, it will not be necessary to consider the motion to dismiss the appeal.

The judgment of the district court is affirmed.

BURKE and MORRIS, JJ., concur.