David M. HOVLAND, Plaintiff and
Respondent and Cross-Appellant,

v.

Louise HOVLAND, Defendant and Appellant
and Cross-Respondent.

No. 7819.

Supreme Court of North Dakota.

June 30, 1960.

Greenwood & Swanson, Dickinson, for
defendant, appellant and cross-respondent.

Mackoff, Kellogg, Muggli & Kirby,
Dickinson, for plaintiff, respondent and
cross-appellant.

BURKE, Judge.

In this action each of the parties sought
a divorce from the other. Plaintiff in his
complaint, alleged extreme cruelty and

adultery on the part of the defendant and defendant in her cross-complaint, alleged extreme cruelty on the part of the plaintiff. The trial court, after a trial of the action, found that the allegations of plaintiff's complaint were established by the evidence and directed the entry of a judgment, granting the plaintiff a divorce, awarding him the custody of the five children of the marriage and awarding the defendant alimony in the sum of $250, payable immediately, and $50 a month thereafter, until the defendant should remarry or until the further order of the court. Both parties have appealed. The defendant attacks the parts of the judgment which granted custody of the children to the plaintiff, and which allowed the defendant alimony in a sum which she claims is grossly inadequate. On the other hand plaintiff contends that, upon the record defendant should have been allowed no alimony at all.

Neither party has demanded a trial anew in this court either as to the whole case or as to any specified facts.

Appeals in actions tried to a court without a jury are governed by Section 28–2732 NDRC 1943. This section provides:

"A party desiring to appeal from a judgment in any such action (one tried to the court without a jury) shall cause a statement of the case to be settled within the time and in the manner prescribed by chapter 18 of this title, and shall specify therein the questions of fact that he desires the supreme court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court. Only such evidence as relates to the questions of fact to be reviewed shall be embodied in this statement. If the appellant shall specify in the statement that he desires to review the entire case, all the evidence and proceedings shall be embodied in the statement."

This statute has been repeatedly and uniformly construed by this court to require, upon appeals in cases tried to a court without a jury, either a demand for a trial anew or a specification of the questions of fact which the appellant desires the Supreme Court to review, if a review of the evidence in the case is desired. In the absence of such demands the review upon appeal is limited to a consideration and determination of whether the findings in the case sustain the judgment. Swanston v. Swanston Equipment Co., N.D., 74 N.W.2d 452; Ricks v. Bergsvendsen, 8 N.D. 578, 80 N.W. 768; Erickson v. Citizens' Nat. Bank, 9 N.D. 81, 81 N.W. 46; Hayes v. Taylor, 9 N.D. 92, 81 N.W. 49; Mooney v. Donovan, 9 N.D. 93, 81 N.W. 50; Douglas v. Glazier, 9 N.D. 615, 84 N.W. 552; Teinen v. Lally, 10 N.D. 153, 86 N.W. 356; Lunde v. Irish, 50 N.D. 312, 195 N.W. 825; Coffland v. Naftalin, 58 N.D. 386, 226 N.W. 627; Retterath v. Retterath, 76 N.D. 583, 38 N.W.2d 409; Belakjon v. Hilstad, 78 N.D. 194, 48 N.W.2d 747; Coppin v. Pankow, 79 N.D. 157, 54 N.W.2d 877; Mevorah v. Goodman, N.D., 65 N.W.2d 278.

Furthermore, each party to this appeal desires to limit the review to a part of the judgment.

Where an appeal is taken pursuant to Section 28–2732 NDRC 1943, it is possible to limit a review of facts to certain specified facts. If the review of the evidence is so limited, the facts not specified for review are deemed to be as found by the trial court. It is not allowable, however, upon such an appeal, to limit the review to a portion of the judgment. Even where the review is limited to certain specified questions of fact, the entire judgment must be before the appellate court for review, upon the basis of its findings as to the facts specified for review and the facts not so specified, as found by the trial court. As was said in Hoellinger v. Hoellinger, 38 N.D. 636, 166 N.W. 519, 521:

"This court has held that there can be no such thing as a trial de novo in the Supreme Court upon an appeal from a portion of the judgment, and there are excellent reasons why an appellant cannot do indirectly, upon an appeal from a judgment, what he is not permitted to do directly by appealing from a portion of the judgment." See also Henry v. Henry, 77 N.D. 845, 46 N.W.2d 701.

Since the evidence is not before us and the findings of fact support the conclusions of law in this case the judgment is affirmed.

SATHRE, C. J., and TEIGEN and MORRIS, JJ., concur.